Gregory C. BOWENS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 885S329.

Supreme Court of Indiana.

Aug. 26, 1986.

Sheila Suess Kennedy, Mears, Crawford, Kennedy & Eicholtz, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Justice.

Appellant Gregory Bowens was convicted after a trial by jury of robbery, a class A felony, Ind.Code § 35–42–5–1 (Burns 1985 Repl.). The jury also found him to be an habitual offender, Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial court enhanced the penalty for robbery to forty years and imposed an additional thirty-year term for the habitual offender finding, stating that the robbery sentence "shall run consecutive to the thirty years that I impose pursuant to the habitual offender count." In this direct appeal, Bowens raises the following issues:

1. Whether the evidence was sufficient to support the conviction;

2. Whether the court erred in failing to give a final instruction on the elements of the crime of robbery;

3. Whether sufficient aggravating circumstances were stated in support of the enhanced sentence for robbery, and

4. Whether the court erred in separately sentencing Bowens as an habitual offender.

We affirm the conviction but remand with instructions to correct the sentencing order.

## I.  Sufficiency of the Evidence

■  In addressing the issue of sufficiency of the evidence, we will affirm the conviction if, considering only the probative evidence and reasonable inferences supporting the verdict, without weighing evidence or assessing witness credibility, a reasonable trier of fact could conclude that the defendant was guilty beyond a reasonable doubt. *Case v. State* (1984), Ind., 458 N.E.2d 223; *Loyd v. State* (1980), 272 Ind. 404, 407, 398 N.E.2d 1260, 1264, *cert. denied*, 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

The evidence most favorable to the judgment of conviction is as follows. At approximately midnight on April 6, 1984, the victim, David Ruffin, drove to the Gibson Lounge in Indianapolis. As he was walking from the parking lot toward the lounge, three men, one of whom was identified as Bowens, approached him and announced a "stick up." They led him to a car and put him in the back seat.

Ruffin testified that Bowens climbed into the front seat, pointed a gun at him, and demanded his money. Appellant told Ruffin that if he had to take the money himself, he would "pop" Ruffin. Although Ruffin attempted to retrieve his money for appellant, appellant instead reached into Ruffin's pocket, took approximately $50.00 from him, and shot Ruffin in the chest. Ruffin was allowed to leave the car, and his assailants drove away.

Bowens' attack on the sufficiency of the evidence focuses on testimony that the victim was a heroin dealer and that the shooting occurred during a drug transaction. Ruffin admitted he had sold heroin near the Gibson Lounge two days prior to the robbery, but he testified there was not a drug transaction under way the night he was shot. The two other men in the car that night testified at trial for the State. They said that Bowens first purchased some drugs from Ruffin and then robbed him of the proceeds. As the State argues, even this scenario constitutes a robbery and does not, as Bowens claims, operate to negate an element of the crime charged.

The evidence was sufficient to sustain Bowens' conviction for robbery.

## II.  Failure to Give Final Instruction on Elements of Crime

■  In its preliminary instructions, the trial court informed the jury of the elements of robbery and read the charging information, which also stated the elements of the crime. The court did not repeat this information in its final instructions, although it did tell the jury to consider the preliminary instructions in its deliberations. The record reveals that no objections were made to the court's final instructions, nor were instructions tendered on the elements of robbery. Bowens argues it was fundamental error not to so charge the jury in final instructions.

This issue falls squarely within *McMillian v. State* (1983), Ind., 450 N.E.2d 996, in which the allegation of error was that the court failed to give final instructions on the elements of burglary. We stated in *McMillian* that waiver had occurred and no fundamental error existed where objections had not been made to the final instructions, the preliminary instructions outlined the elements of the offense, and the jury was told to consider the preliminary instructions in deliberations. Bowens' rights were not violated by the omission of a final instruction on the elements of robbery.

## III.  Aggravating Factors

■  Bowens' appellate counsel has argued that the imposition of a sentence greater than the presumptive term was unsupported by a finding of aggravating factors, in violation of Ind.Code § 35–38–1–3 (Burns 1985 Repl.). However, since appellant's brief was filed, this Court has received a supplemental record of the sentencing proceedings which reveals that the enhanced sentence was fully supported by a finding of aggravating factors. The sentencing judge stated:

I now sentence you ... to be imprisoned for a period of forty years on the charge of robbery. The reason I am raising the sentence by ten years is that you have a

history of criminal activity dating back to 1971. I believe that you are in need of some correctional or rehabilitative treatment in that I find your conduct to be suggestive of inability to control your temper or to conform your temper to the needs ... of society. I believe that if the sentence were reduced or even if I sentenced you to the presumptive thirty years, it would reduce or depreciate the seriousness of the crime that you committed. I recognize the environment in which you committed the crime but even in that environment it is not acceptable conduct to shoot someone ... and leave them....

The court made a full evaluation of the nature of the crime and of Bowens' character. Additionally, it pointed to appropriate aggravating factors specifically named in Ind.Code § 35–38–1–7 (Burns 1985 Repl.). In light of the supplemental record of the sentencing hearing, Bowens' claim of error fails.

### IV. Sentencing on the Habitual Offender Charge

Because the jury returned an affirmative verdict on the recidivist charge, the court stated it would sentence Bowens to forty years for robbery "consecutive to" the thirty years imposed for the habitual offender determination. Bowen argues that this sentencing order violates his rights against double jeopardy, inasmuch as he is in effect being sentenced twice for the robbery.

It is the trial court's error in entering the sentence which lends plausibility to Bowens' argument. The court entered two sentences, one consecutive to the other. A proper sentencing order would not give rise to the idea that Bowens received two sentences. We have repeatedly held that recidivism is a status, not a separate crime, which requires *enhancement* of an underlying sentence instead of the imposition of a consecutive sentence. *Hernandez v. State* (1982), 439 N.E.2d 625.

This cause is remanded to the trial court with instructions to enter an order enhancing the robbery penalty by the addition of thirty years as the result of the recidivist finding. In all other respects, the judgment of the trial court is affirmed.

GIVAN, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.