**Robert GOLDEN, Petitioner–Appellant,**

**v.**

**STATE of Indiana,**
**Respondent–Appellee.**

**No. 19A01–8911–PC–474.**

Court of Appeals of Indiana,
First District.

May 7, 1990.

Transfer Denied July 6, 1990.

Richard Culley, Indianapolis, for petitioner-appellant.

Linley E. Pearson, Atty. Gen., Margarett L. Knight, Deputy Atty. Gen., Indianapolis, for respondent-appellee.

BAKER, Judge.

Petitioner-appellant, Robert Golden (Golden), appeals the denial of his petition for post-conviction relief.[1] We affirm the denial of post-conviction relief. We sua sponte reverse the sentence and remand for resentencing.

After a jury trial, Golden was found guilty on two counts of forgery, each a Class C felony,[2] on August 24, 1983. On September 21, 1983, the jury found Golden to be an habitual offender.[3] On September 22, 1983, the trial court sentenced Golden to a term of five years imprisonment on each of the forgery convictions. The court also sentenced Golden to an additional 30 years on each forgery count because of the habitual offender conviction. The trial court ordered the sentences be served concurrently, and gave Golden an aggregate sentence of 30 years imprisonment.

Our supreme court affirmed Golden's conviction on direct appeal in *Golden v. State* (1985), Ind., 485 N.E.2d 51. Golden filed a pro se petition for post-conviction relief on August 4, 1986. After Golden subsequently retained private counsel, the trial court held hearings on Golden's petition on January 25 and Feburary 27, 1989. On July 27, 1989, the trial court denied Golden's petition. This appeal followed.

In this appeal, Golden presents two issues for our review: first, whether there was sufficient evidence to find Golden was an habitual offender; and second, whether the trial court's sentencing scheme subject-ed Golden to double jeopardy in violation of the fifth amendment of the United States Constitution and art. I, § 14 of the constitution of the State of Indiana.

Golden first argues there was insufficient evidence to support the habitual offender conviction. The State introduced evidence that Golden had been convicted of three prior felonies, two of which were contained in a single plea agreement. One of the convictions in the plea agreement had been vacated prior to the habitual offender proceeding. Golden now argues the other conviction was also vacated because IND. CODE 35-35-3-3(d) binds a trial court to the terms of plea agreements it accepts. We note initially that this argument could have been raised on direct appeal. It is well settled that post-conviction proceedings are not a substitute for direct appeal. A petitioner may not raise issues in a post-conviction proceeding which could have been raised on direct appeal. *Combs v. State* (1989), Ind., 537 N.E.2d 1177, 1179. At the post-conviction hearing, however, the State chose to respond to Golden's argument on its merits. *Record* at 162-165. Accordingly, we are compelled to respond to the merits as well. *Id.*

IND. CODE 35-35-3-3(d) exists to prohibit trial courts from increasing or decreasing sentences after accepting a plea agreement because both the defendant and the public benefit from expeditious resolution of criminal cases. *Disney v. State* (1982), Ind.App., 441 N.E.2d 489, 493; *State ex rel. Goldsmith v. Marion County Superior Court* (1981), 275 Ind. 545, 419 N.E.2d 109, 114. Here, the court that accepted the plea agreement did not alter Golden's sentence but set aside a conviction. The separate sentence for the remaining conviction under the plea agreement was never altered, the trial court remained bound to the plea agreement, and the conviction was properly before the habitual offender jury.[4] There was sufficient

---

1. Ind. Post-Conviction Rule 1.

2. IND. CODE 35-43-5-2.

3. IND. CODE 35-50-2-8.

4. Golden's argument contains various attacks on the propriety of the documents used to establish his habitual offender status. Our supreme court resolved these issues against Golden on direct appeal. *Golden, supra,* 485 N.E.2d at 57. Ac-

evidence to find Golden an habitual offender. Golden's only other reviewable argument[5] is that the trial court's sentencing scheme subjected him to double jeopardy.

At trial, Golden was convicted of two counts of forgery. He received a five-year sentence for each forgery conviction and two 30–year sentences for being an habitual offender. All the sentences were ordered to be served concurrently, with a total term of imprisonment of 30 years. This was an illegal sentence in two respects.

First, the facts leading to Golden's forgery convictions allow habitual offender enhancement on only one of the forgery sentences. Golden had received two checks from a neighbor for repair services he performed on her home. Each of the checks was to be for $50 but Golden added an extra zero to the sums so they appeared to be written for $500 apiece.[6] The forgeries stemmed from a single transaction and were intimately related with each other, both in content and in time.

■ While the State may use the same prior convictions to support two habitual offender convictions, the felonies underlying those two habitual offender convictions must be distinct and unrelated. *Kelly v. State* (1983), Ind., 452 N.E.2d 907; *Williams v. State* (1982), Ind., 430 N.E.2d 759, *appeal dismissed,* 459 U.S. 808, 103 S.Ct. 33, 74 L.Ed.2d 47, *reh. denied,* 459 U.S. 1059, 103 S.Ct. 479, 74 L.Ed.2d 626; *see also Starks v. State* (1988), Ind., 523 N.E.2d 735. Here, as we have noted, Golden's two forgery convictions were intimately related to one another. Accordingly, the

trial court erred in fixing both forgery sentences with additional habitual offender sentences, and one of those habitual offender sentences must be vacated.[7]

■ Second, the trial court erred by sentencing Golden to an aggregate term of 30 years imprisonment. IND. CODE 35–50–2–8 mandates trial courts to "sentence a person found to be an habitual criminal to an additional fixed term of thirty (30) years imprisonment to be added to the term of imprisonment imposed ..." for the underlying felony. The trial court lacked any discretion here. The legislature alone possesses the prerogative of fixing penalties for crimes. The broad discretion afforded trial courts in sentencing does not extend beyond statutorily prescribed limits. "[A] sentence which is contrary to, or violative of, the penalty mandated by the applicable statute is an illegal sentence." *Niece v. State* (1983), Ind.App., 456 N.E.2d 1081, 1083–84.

Golden correctly points out that the trial court's imposition of an additional sentence was also a violation of the double jeopardy clauses of both the Indiana and the United States Constitutions. As our supreme court has often stated, "[t]he status of being an habitual criminal does not establish a separate crime. It merely provides for the imposition of an enhanced penalty for the instant crime." *Beesley v. State* (1989), Ind., 533 N.E.2d 112, 113 (citing *Henson v. State* (1985), Ind., 467 N.E.2d 750, 752). Moreover,

[i]f the status of being an habitual offender were to be considered a separate

cordingly, these issues are *res judicata. See e.g. Harding v. State* (1989), Ind.App., 545 N.E.2d 14.

**5.** In the summary of argument section of his brief, Golden argues his trial counsel was ineffective, alleging she failed to object to the documents used to support the habitual offender charge, hearsay testimony, and the trial court's sentence. This argument is waived for two reasons. First, Golden has failed to comply with Ind. Appellate Rule 8.3(A)(3) and 8.3(A)(7) by not including his trial counsel's alleged errors as an issue or an argument in his brief. Second, Golden did not present these issues on direct appeal, thereby waiving them. His subsequent failure in this proceeding to allege ineffective-

ness of his appellate counsel "precludes review of those issues waived on appeal." *Harding v. State* (1989), Ind.App., 545 N.E.2d 14, 16 (citing *Mato v. State* (1985), Ind., 478 N.E.2d 57, 62).

**6.** The facts are set out in full in our supreme court's review of Golden's direct appeal. *Golden, supra,* 485 N.E.2d at 52–53.

**7.** Similarly, our supreme court recently held that "the State is barred from seeking multiple, pyramiding habitual offender sentence enhancements by bringing successive prosecutions for charges which could have been consolidated for trial." *Seay v. State* (1990), Ind., 550 N.E.2d 1284, 1289.

crime, conviction would be unconsitutional as double jeopardy. However, the Indiana statute is not unconstitutional because it provides for an enhancement of the penalty for the instant crime because the defendant is found to be an habitual criminal. To punish for the status of habitual criminal would also violate the Eighth Amendment of the United States Constitution.

*Pinkston v. State* (1982), Ind., 436 N.E.2d 306.

Here, the trial court did exactly that which the double jeopardy clauses and IND. CODE 35–50–2–8 prohibit. It gave Golden an additional sentence (indeed, two additional sentences) for being an habitual offender. This it could not do. The trial court was within its discretion to give Golden concurrent presumptive sentences for the two forgery convictions. After that, however, it was required to enhance one of those sentences by 30 years, giving Golden a 35–year term of imprisonment. *See Williams v. State* (1989), Ind., 541 N.E.2d 921; *Bowens v. State* (1986), Ind., 496 N.E.2d 769; *Wagner v. State* (1984), Ind., 471 N.E.2d 669; *Wilson v. State* (1984), Ind., 465 N.E.2d 717; *Johnson v. State* (1984), Ind., 432 N.E.2d 1358. *Accord, Baker v. Duckworth* (7th Cir.1985), 752 F.2d 302, *cert. denied,* 472 U.S. 1019, 105 S.Ct. 3483, 87 L.Ed.2d 618 (1985) (interpreting IND. CODE 35–50–2–8).

█ Golden argues we cannot remand for resentencing because to do so would merely exacerbate the double jeopardy problem. He makes two specific arguments here. First, he has completed serving the five-year concurrent forgery sentences and has produced a certificate of final discharge from the Department of Correction. *Record* at 24, 141. Golden therefore reasons he has fulfilled his obligation to the state because the habitual offender sentences were illegal. He is mistaken. As Golden himself earlier argued, "the habitual offender statute does not set forth a separate offense." *Appellant's Brief* at 16. In the only other Indiana case addressing this question, this court stated:

If the statute were read to define a separate crime, its application would constitute a violation of the double jeopardy clause. *Short v. State* (1982), Ind., 443 N.E.2d 298, 301. Rather, the statute provides for the enhancement of a sentence imposed upon conviction for an underlying felony. [*Edwards v. State* (1985), Ind., 479 N.E.2d 541]. The trial court must specify the underlying felony to which the enhanced sentence applies where there are two or more underlying felonies; the enhancement is not a separate sentence which is to be served either consecutively or concurrently with another sentence. *Plummer v. State* (1985), Ind., 485 N.E.2d 1367; *Wilson v. State* (1984), Ind., 465 N.E.2d 717. Thus, although the habitual offender finding is made subsequent to conviction, *the thirty year enhancement is an integral part of the sentence imposed for the felony conviction.*

*Williams v. State* (1986), Ind.App., 494 N.E.2d 1001, 1003, *trans. denied, cert. denied* 481 U.S. 1054, 107 S.Ct. 2191, 95 L.Ed.2d 846 (emphasis added). There is no severability. Golden has not yet completed his sentence.

█ Second, Golden cites *Ex parte Lange* (1874), 18 Wall. 163, 85 U.S. 163, 21 L.Ed. 872 for the proposition that any increase of a sentence after service has begun violates the double jeopardy clause. *Lange* is inapplicable here. In that case, the defendant was originally sentenced to a fine under a statute providing for imprisonment *or* the payment of a fine. The trial court violated this alternative sentencing requirement by subsequently sentencing the defendant to imprisonment. The supreme court ruled this was a violation of the double jeopardy clause. Here, on the other hand, Golden has received an illegal sentence. IND. CODE 35–50–2–8 requires a felony sentence to be enhanced by 30 years for an habitual offender conviction. It does not, as Golden argues, create an alternative sentencing requirement similar to that in *Lange.*

█ It is the duty of the appellate courts to bring illegal sentences into compliance, and "[t]here is no double jeopardy prohibition against correcting an illegal

sentence even if such correction increases the punishment." *United States v. Edmonson* (9th Cir.1986) 792 F.2d 1492, 1496, *cert. denied,* (1987), 479 U.S. 1037, 107 S.Ct. 892, 93 L.Ed2d 844. "Indeed, it is the general, if not unanimous, rule that a trial court has the power to vacate an illegal sentence and impose a proper one which results in an increased sentence, and may do so even if the illegal sentence has been partially executed." *Niece, supra* at 1084, *Bozza v. United States* (1947), 330 U.S. 160, 67 S.Ct. 645, 91 L.Ed 818; *Stuckey v. Stynchcombe* (5th Cir.1980), 614 F.2d 75; *Thompson v. United States* (1st Cir.1974), 495 F.2d 1304.

Despite the force of this rule and despite Golden's acknowledgement that his sentence is illegal, he argues that several decisions by various federal circuit courts have found double jeopardy violations upon increases in punishment after resentencing. Golden first relies on *Borum v. United States* (D.C.Cir.1967), 409 F.2d 433, *cert. denied* (1969), 395 U.S. 916, 89 S.Ct. 1765, 23 L.Ed.2d 230. In *Borum,* the Circuit Court of Appeals for the District of Columbia noted that "[t]he law is well settled, too, that a sentence *in all respects legal cannot be increased after service has begun." Id.* at 440 (emphasis added). As we have already stated, Golden's sentence is illegal. *Borum* does not support Golden's contention. Golden also relies on *United States v. Frady* (D.C.Cir.1979), 607 F.2d 383. In that case, the sentencing court on remand had ordered that a legal sentence for robbery be served consecutively to a life sentence for murder. Originally, the robbery sentence was to be served concurrently with a death penalty sentence. The change of the legal concurrent robbery sentence to a consecutive sentence was held to be a double jeopardy violation. Again, Golden's sentence is illegal and *Frady* does not apply.

Golden places passing reliance on *North Carolina v. Pearce* (1969), 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656. *Pearce* and its progeny, *United States v. DiFrancesco* (1980), 449 U.S. 117, 101 S.Ct. 426, 66 L.Ed.2d 328 and *Texas v. McCullough* (1986), 475 U.S. 134, 106 S.Ct. 976, 89 L.Ed.2d 104,. are concerned with retrial situations and create a presumption of vindictiveness on the part of a trial judge who gives a reconvicted defendant a harsher penalty than after the original conviction.[8] For the sentence to be upheld on appeal, the trial judge must rebut the presumption of vindictiveness by providing objective information justifying the increased sentence. *McCullough, supra,* 475 U.S. at 142, 106 S.Ct. at 980; *see also Williams, supra,* 494 N.E.2d at 1004–05. Here, there are no concerns about the trial judge's vindictiveness. Upon remand, he will merely follow our instructions and bring his earlier sentence into compliance with IND. CODE 35–50–2–8. There will be no retrial. *See, e.g., United States v. Jordan* (9th Cir. 1989), 895 F.2d 512, 514–15, and cases cited therein. Because there will not be a retrial or an evidentiary hearing of any kind, the trial court is not to alter Golden's five-year presumptive sentences for the underlying forgery convictions.[9] In accordance with *Frady, supra,* the trial court shall not change Golden's concurrent forgery sentences into consecutive sentences.

The denial of post-conviction relief is affirmed. The cause is remanded for resentencing with instructions to enhance one of Golden's forgery sentences by 30 years for the habitual offender conviction for a total sentence of 35 years. The trial court shall specify which sentence it enhances, vacate the erroneous additional habitual offender sentence on the remaining underlying felony conviction, and give Golden full credit for the time he has already served.

ROBERTSON and STATON, JJ., concur.

---

**8.** The presumption does not apply in every case in which a defendant receives a greater sentence after retrial. *Texas v. McCullough, supra,* 475 U.S. at 138–40, 106 S.Ct. at 978–80. *Pearce* also requires full credit be given for the time served

under the original sentence. *Pearce, supra,* 395 U.S. at 718–19, 89 S.Ct. at 2077.

**9.** Golden's rights under IND. CODE 35–38–1–17 remain unaltered by this opinion.