54 F.3d 779
NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 Gregory C. BOWENS, Petitioner-Appellant,
v.
Richard CLARK and the Indiana Attorney General, Respondents-Appellees.
 No. 91-3458.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 26, 1995.*
Decided May 17, 1995.
 
 Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.
 
 ORDER
 
 1
 Petitioner Gregory C. Bowens petitioned for a writ of habeas corpus, 28 U.S.C. Sec. 2254. The district court denied relief. We now affirm the judgment of the district court.
 
 Background
 
 2
 Petitioner was convicted by a jury of one count of armed robbery in 1984. In Indiana, the presumptive sentence for armed robbery was thirty years. The sentencing judge had the discretion to enhance the sentence by as much as twenty years for aggravating factors. Here, the state trial judge concluded that the extreme violence[1] of the robbery, coupled with petitioner's long criminal history and need for corrective rehabilitation, warranted a sentence beyond the presumptive armed robbery sentence and therefore imposed a sentence of forty years. The jury also had concluded, in a separate verdict, that petitioner was a "habitual offender" under Indiana law. This determination was based on two prior unrelated convictions. The state court therefore imposed, in addition to the sentence of forty years for the armed robbery conviction, an additional sentence of thirty years. This habitual offender enhancement was to run consecutively to the armed robbery sentence.
 
 
 3
 On appeal, the Indiana Supreme Court affirmed the armed robbery conviction but remanded for the entry of a sentencing order that clarified the relationship of the robbery sentence and the habitual offender enhancement. See Bowens v. State, 496 N.E.2d 769 (Ind. 1986). The Indiana Supreme Court concluded that, as a matter of state law, the habitual offender finding should have been considered an enhancement to the armed robbery sentence rather than a sentence for a separate conviction. On remand, the trial court entered a sentence of seventy years, the original forty-year robbery sentence enhanced by thirty years. In accordance with the direction of the Supreme Court, it altered the form of the judgment to reflect more adequately the relationship of the two sentences.
 
 
 4
 In 1989, petitioner filed a petition to correct an erroneous sentence in the Indiana trial court. This petition was based on the invalidation of one of the predicate convictions that had supported the habitual offender enhancement. The state court set aside the thirty-year habitual offender enhancement and resentenced the petitioner to a forty-year term for armed robbery. It relied on the same aggravating factors that it had considered in imposing the original sentence.
 
 
 5
 On December 31, 1990, the Indiana Court of Appeals affirmed this result in an unpublished opinion. Petitioner then sought a writ of habeas corpus. He argued that the state court had violated his federal constitutional rights in not reducing his forty-year base sentence. The district court denied relief.
 
 Discussion
 
 6
 On appeal before this court, the petitioner again maintains that the state court committed error of constitutional magnitude in evaluating his claim. Submitting that the state court's order is confusing, he contends that the state trial court could not predicate his resentencing on the same aggravating factors as were employed in the imposition of the initial sentence. He points out that one of his earlier convictions had been invalidated and that he had a good prison record. In his view, the state court vindictively refused to reduce his sentence despite the mitigating factors he presented.
 
 
 7
 These claims are without merit.[2] As a threshold matter, we cannot accept the contention that the action of the resentencing court is confusing. The state appellate court, in its review of the resentencing proceeding, scrutinized the order of the trial court and determined that it accurately and clearly set forth the action of the trial court. The trial court had vacated the habitual offender enhancement because the petitioner had shown that one of the predicate convictions had been invalidated. The trial court determined, however, that petitioner was not entitled to a further reduction in his sentence.
 
 
 8
 The petitioner correctly notes that the trial court relied on the same factors that it had relied upon in imposing the initial sentence of forty years. One of those factors was, the state admits, the petitioner's "history of criminal activity". It is quite clear, however, that, in resentencing the petitioner, the state trial court was well aware of the fact that one of the petitioner's earlier convictions was no longer valid. The court had just vacated the habitual offender enhancement on that very basis. It cannot be contended seriously that the resentencing court, having invalidated the thirty-year habitual offender sentence because of the invalid conviction, then weighed the same invalidated conviction in reimposing the forty year sentence. There was no error here and certainly no violation of the federal Constitution.
 
 
 9
 Petitioner has also failed to demonstrate that his sentence is grossly disproportionate to his crime. See Solem v. Helm, 463 U.S. 277 (1983).[3] Indeed, the state trial court enunciated specific reasons for its determination that a sentence in excess of the usual sentence for armed robbery was necessary to ensure that the seriousness of the crime was not deprecated and the rehabilitative need of the petitioner were met. Such careful tailoring of a sentence certainly does not violate the Constitution. Cf. Harmelin v. Michigan, 501 U.S. 957 (1991) (holding that mandatory non-capital sentences that afford no opportunity to consider mitigating factors do not violate the Eighth Amendment).
 
 
 10
 Finally, petitioner has presented no basis for his claim of vindictiveness on the part of the state court. We also note that "exemplary" conduct in prison, although perhaps relevant to parole, does not undermine, as a constitutional matter, the validity of the original sentence.
 
 
 11
 For these reasons the judgment of the district court is affirmed.
 
 
 12
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed. R. App. P. 34(a); Cir. R. 34(f). No such statement having been filed, the appeal is submitted on the briefs and the record
 
 
 [1]
 Petitioner dragged the victim into a car, robbed the victim, shot the victim in the chest, then pushed the victim from the car and left him for dead
 
 
 [2]
 Petitioner's state law arguments are not cognizable in this court. The jurisdiction of the federal courts in considering a petition for habeas corpus presented by a state prisoner is limited to alleged violations of federal statutory or constitutional law. Del Vecchio v. Illinois Dept. of Corrections, 31 F.3d 1363, 1370 (7th Cir. 1994) (en banc), cert. denied, 115 S. Ct. 1404 (1995). We cannot reevaluate state court determinations of state law issues. Bloyer v. Peters, 5 F.3d 1093, 1098 (7th Cir. 1993) (citing Estelle v. McGuire, 502 U.S. 62, 68 (1991))
 
 
 [3]
 The district court opined that Harmelin v. Michigan, 501 U.S. 957 (1991), decision may have invalidated Solem v. Helm, 463 U.S. 277 (1983). However, this court has indicated a gross disproportionality analysis is still appropriate. See United States v. Jones, 950 F.2d 1309, 1317 (7th Cir. 1991), cert. denied, 112 S. Ct. 1700 (1992). See also United States v. Coleman, 38 F.3d 856, 861-62 (7th Cir. 1994), cert. denied, 115 S. Ct. 1267 (1995); United States v. Simpson, 8 F.3d 546, 550 (7th Cir. 1993); United States v. Vasquez, 966 F.2d 254, 261 (7th Cir. 1992); United States v. Coonce, 961 F.2d 1268, 1282 (7th Cir. 1992)