Steven **MOREDOCK**, Appellant–
Petitioner,

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9707–PC–455.

Court of Appeals of Indiana.

April 3, 1998.

Susan K. Carpenter, Public Defender, Patrick R. Ragains, Special Deputy Public Defender, Anderson, for Appellant–Petitioner.

Jeffrey A. Modisett, Attorney General, John B. Herriman, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

DARDEN, Judge.

### STATEMENT OF THE CASE

Steven Moredock appeals the denial of his petition for post-conviction relief. We affirm.

### FACTS

Moredock was charged with committing an attempted robbery (a class C felony) on December 21, 1978. On March 19, 1979, Moredock entered a plea of guilty to attempted theft, a class D felony, pursuant to a plea agreement. Under the plea agreement, Moredock would serve a two year sentence for attempted theft concurrent to his time on a pending probation revocation proceeding.

In 1997, Moredock filed the instant petition for post-conviction relief, his second.[1] Moredock claimed that his 1979 sentence—by being concurrent with the time he would be ordered to serve for his then-pending probation violation—violated the Indiana statute requiring that a sentence for an offense committed subsequent to an offense for which

---

1. The record merely indicates that Moredock challenged his guilty plea as being involuntarily and unintelligently entered and that we affirmed the denial of his first petition in a 1988 memorandum decision.

one is serving a current sentence must be served consecutively to the sentence for the earlier offense. *See* Ind.Code 35–50–1–2. According to Moredock, *Golden v. State,* 553 N.E.2d 1219 (Ind.Ct.App.1990), *trans. denied,* and *Thompson v. State,* 634 N.E.2d 775 (Ind.Ct.App.1994), required that his 1979 sentence be set aside.

The post-conviction court denied his petition after first finding that (1) the State's concurrent sentencing recommendation was obtained "through negotiations to which [Moredock] was a party," and (2) Moredock's 1979 sentence was consistent with the terms of the parties' written plea agreement. (R. 107).

#### DECISION

Moredock reasserts the above argument on appeal. He concedes that "he got the sentence he bargained for," but insists that *Golden* requires an "illegal sentence" to be corrected. Moredock's Brief at 7. He fails to discuss *Golden* or explain how its reasoning applies to his argument. We do not find *Golden* apposite to Moredock's particular claim here in that *Golden* did not concern a plea agreement regarding the sentence.

We find his continued reliance on *Thompson* to be flawed for purposes of application here in that the sentence imposed pursuant to Thompson's plea agreement was improperly ordered to run *consecutive* to another sentencing for another charged crime. We cannot accept his contention that "*Thompson* involves precisely the same issue as in the instant case," *Id.* at 9, for one critical reason: Thompson suffered the harm of a sentence improperly ordered to be served consecutively. Moredock did not suffer any harm by being sentenced to serve concurrent instead of consecutive time; rather, he benefitted from being able to serve the time concurrently. We have said that even error of constitutional dimension does not necessarily require reversal but that "in addition to error, a party must also make some showing of injury or prejudice resulting from the error." *Joseph v. State,* 603 N.E.2d 873, 875 (Ind.Ct.App.1992). *See also White v. State,* 497 N.E.2d 893 (Ind.1986) and *McKrill v. State,* 452 N.E.2d 946 (Ind.1983). More-dock has not shown us how he was prejudiced by being ordered to serve his 1979 sentence concurrent to that for his pending probation violation.

Moredock "failed to convince" the post-conviction court "that any error in his sentence … constitute[d] a basis for sentencing him anew." (R. 109). Moredock bore the burden of establishing the grounds for his relief by a preponderance of the evidence. *See Weatherford v. State,* 619 N.E.2d 915, 916 (Ind.1993). To prevail on appeal from the denial of post-conviction relief, he must demonstrate that the evidence as a whole leads unerringly and unmistakably to a conclusion opposite that reached by the post-conviction court. *See Id.* The post-conviction court's conclusion that he failed to do so is not clearly erroneous.

We affirm.

SHARPNACK, C.J., and HOFFMAN, J., concur.