FILED

Jun 26 2019, 10:07 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Matthew D. Anglemeyer
Marion County Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra A. Murray
Deputy Attorney General
Indianapolis, Indiana

IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Roberto Cruz Rivera,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | June 26, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2862<br><br>Appeal from the<br>Marion Superior Court<br><br>The Honorable<br>Helen Marchal, Judge<br><br>Trial Court Cause No.<br>49G15-1708-F6-30973 |

**Vaidik, Chief Judge.**

# Case Summary

[1]     Under Indiana Code section 35-37-2-4(a), a trial court is required to give the jury an admonishment limiting juror discussions of the case (1) "in the preliminary instruction," (2) "before separating for meals," and (3) "at the end

of the day." In this case, the trial court read the preliminary instructions—including the required admonishment—and then immediately excused the jury for lunch without repeating the admonishment. We must decide whether the giving of the admonishment as part of the preliminary instructions was sufficient to satisfy not only the "in the preliminary instruction" requirement of the statute but also the "before separating for meals" requirement. Because the jury was sent to lunch immediately after hearing the preliminary instructions, we hold that it was.

## Facts and Procedural History

[2] In August 2017, the State charged Rivera with Level 6 felony auto theft and Class A misdemeanor theft. A jury trial was held on June 13, 2018. The judge swore in the jurors at 12:09 p.m. and then read sixteen preliminary instructions. Preliminary Instruction 1, which tracks Indiana Pattern Jury Instructions—Criminal 1.0100 (4th ed. 2019) (entitled "Duty of Jurors"), provided, in relevant part:

> You are permitted to discuss the evidence among yourselves in the jury room during recesses from trial but only when all jurors and alternates are present. You must not talk or communicate about this case with anyone else. You should keep an open mind. You should not form or express any conclusion or judgment about the outcome of the case until the Court submits the case to you for your deliberations.

Appellant's App. Vol. II p. 82. The judge also gave Preliminary Instruction 3, which directed the jury "to consider all the instructions together," *id.* at 85, and

Preliminary Instruction 12, which instructed the jury on the credibility of witnesses and the manner of weighing testimony, *id*. at 94.

[3] At 12:23 p.m., immediately after reading the preliminary instructions, the judge excused the jury for lunch. Tr. p. 23. The judge did not repeat the admonishment limiting juror discussions of the case, and Rivera did not ask for it to be repeated. After the jury returned from lunch, counsel gave opening statements and presented evidence. Counsel then reviewed and approved final instructions, which were read to the jury. The judge did not instruct the jury on the credibility of witnesses and the manner of weighing testimony; however, Final Instruction 1 specifically directed the jury "to consider all of the jury instructions (both preliminary and final) together." Appellant's App. Vol. II p. 101. The jury found Rivera guilty of auto theft but not guilty of theft.

[4] Rivera now appeals.

# Discussion and Decision

[5] Rivera contends that the trial court should have (1) repeated its admonishment limiting juror discussions of the case before excusing the jury for lunch and (2) included final instructions about the credibility of witnesses and the manner of weighing testimony. Rivera concedes that he waived both issues by failing to raise them in the trial court and that he must therefore establish fundamental error on appeal. The doctrine of fundamental error is an extremely narrow exception to the waiver rule that requires the defendant to show that the alleged error was so

prejudicial to his rights as to make a fair trial impossible. *Ryan v. State*, 9 N.E.3d 663, 668 (Ind. 2014), *reh'g denied*.

# I. Admonishment

[6] Rivera first contends that the trial court committed fundamental error by not repeating its admonishment limiting juror discussions of the case before excusing the jury for lunch. Indiana Code section 35-37-2-4(a) provides:

> The court shall admonish the jurors in the preliminary instruction, before separating for meals, and at the end of the day, that it is their duty not to converse among themselves or permit others to converse with them on any subject connected with the trial, or to form or express any opinion about the case until the cause is finally submitted to them.

Rivera "acknowledges the substance of the admonishment was covered in Preliminary Instruction 1," which had been given less than fifteen minutes earlier, but asserts that the judge was required to give it a second time before excusing the jury for lunch.[1] Appellant's Br. p. 11. The State responds that because the jury was excused for lunch immediately after the preliminary

---

[1] The admonishment envisioned by Section 35-37-2-4(a) was not technically "covered" by Preliminary Instruction 1. As noted above, Preliminary Instruction 1 was based on Indiana Criminal Pattern Jury Instruction 1.0100, which in turn is largely based on Indiana Jury Rule 20(a)(8). Jury Rule 20(a)(8) requires judges to give jurors a preliminary instruction that they are "**permitted to discuss** the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence." (Emphasis added). Section 35-37-2-4(a), on the other hand, requires judges to admonish jurors "**not to converse** among themselves . . . on any subject connected with the trial . . . until the cause is finally submitted to them." (Emphasis added). As such, it would have been impossible for the judge to give an admonishment that completely satisfied **both** Jury Rule 20(a)(8) and Section 35-37-2-4(a). In any event, Rivera makes no issue of the conflict between the rule and the statute, and the tension between the two provisions does not affect our analysis in this case.

instructions were given, the "in the preliminary instruction" and "before separating for meals" requirements of Section 35-37-2-4(a) were both satisfied by the single admonishment. In other words, the State contends that the judge effectively killed two birds with one stone.

[7] We agree with the State. Section 35-37-2-4(a) requires judges to admonish juries at three different times: (1) during preliminary instructions; (2) before separating for meals; and (3) at the end of the day. Here, two of those times happened to coincide. After the jury was sworn in at 12:09 p.m., the judge read the preliminary instructions, one of which admonished the jury not to discuss the case unless all the jurors were together in the jury room, not to discuss the case with anyone else, and not to form or express any conclusions until the case was submitted to it. The judge excused the jury for lunch at 12:23 p.m. Although the judge was free to repeat the admonishment at that time, there was no need to do so given that she had just read the preliminary instructions to the jury. Where, as here, there are no intervening proceedings between the reading of the preliminary instructions and the jury being excused for lunch, trial courts are not required to give the admonishment required by Section 35-27-2-4(a) a second time. Accordingly, the judge did not err.

## II. Incomplete Final Jury Instructions

[8] Next, Rivera contends that the trial court should have given final instructions on the credibility of witnesses and the manner of weighing testimony. He is correct. Indiana Jury Rule 26(a) provides, in relevant part, that "the court shall read

appropriate final instructions, which shall include at least the following: (1) the applicable burdens of proof; (2) the credibility of witnesses; and, (3) the manner of weighing the testimony received." While the judge instructed the jury on the burden of proof during final instructions, *see* Appellant's App. Vol. II p. 104, she did not instruct it on the credibility of witnesses and the manner of weighing testimony.

[9] That said, because Rivera did not raise this issue below, he bears the heavy burden on appeal of establishing fundamental error. He has failed to do so. When considering whether an instructional error amounts to fundamental error, we consider the instructions as a whole and in reference to each other. *Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016). During preliminary instructions, the judge instructed the jury on the credibility of witnesses and the manner of weighing testimony. *See* Appellant's App. Vol. II. p. 94 (Preliminary Instruction 12). In addition, Preliminary Instruction 3 directed the jury "to consider all the instructions together," and Final Instruction 1 directed the jury "to consider all of the jury instructions (both preliminary and final) together." *Id*. at 85, 101. The trial lasted one day, so in the same day that the jury decided the case, it heard instructions regarding the credibility of witnesses and the manner of weighing testimony. The trial court did not commit fundamental error.[2]

---

[2] Rivera also argues that "[e]ven if this Court finds neither error standing alone warrants reversal in this case, the cumulative effect of the combined errors does." Appellant's Br. p. 13. However, because we find that the trial court did not err by not admonishing the jury a second time before lunch, there were not "combined errors," so Rivera's argument necessarily fails.

[10] Affirmed.

Kirsch, J., and Altice, J., concur.