## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 23 2020, 9:03 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Frederick Vaiana
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

F. Aaron Negangard
Chief Deputy Attorney General

Benjamin J. Shoptaw
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Anthony Dwayne Jones,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

July 23, 2020

Court of Appeals Case No.
19A-CR-2526

Appeal from the Marion Superior Court

The Honorable Kurt Eisgruber, Judge

Trial Court Cause No.
49G01-1705-F1-19420

**Tavitas, Judge.**

# Case Summary

[1] Anthony Jones appeals his convictions for attempted rape, a Level 1 felony; robbery resulting in serious bodily injury, a Level 2 felony; battery, a Class B misdemeanor; and criminal confinement, a Level 5 felony. We affirm.

# Issue

[2] Jones raises one issue, which we restate as whether the trial court committed fundamental error in instructing the jury.

# Facts

[3] As a result of a series of attacks on women in Indianapolis on May 22, 2017, and May 26, 2017, the State charged Jones with: (1) rape, a Level 1 felony; (2) robbery resulting in serious bodily injury, a Level 2 felony; (3) criminal confinement, a Level 3 felony; (4) kidnapping, a Level 3 felony; (5) sexual battery, a Level 4 felony; (6) battery resulting in serious bodily injury, a Level 5 felony; (7) intimidation, a Level 6 felony; (8) strangulation, a Level 6 felony; (9) battery resulting in bodily injury, a Class A misdemeanor; (10) battery, a Class B misdemeanor; (11) battery, a Class B misdemeanor; (12) battery, a Class B misdemeanor; (13) confinement, a Level 5 felony; (14) intimidation, a Level 6 felony; (15) strangulation, a level 6 felony; and (16) battery resulting in moderate bodily injury, a Level 6 felony.

[4] At Jones's September 2019 jury trial, the trial court gave the jury preliminary instructions that defined each charge; listed the elements of each charge; and for each charge, informed the jury that it must find Jones not guilty "if the State

failed to prove each of these elements beyond a reasonable doubt." *See* Tr. Vol. II pp. 134-143; Appellant's App. Vol. II pp. 176-191.  The trial court also gave the following preliminary instructions, which were based on the pattern jury instructions, to the jury:

> Instruction Number 15.  The burden is upon the State to prove beyond a reasonable doubt that the Defendant is guilty of the crimes charged.  It is a strict and heavy burden.  The evidence must overcome any reasonable doubt concerning the Defendant's guilt, but it does not mean that a Defendant's guilt must be proved beyond all possible doubt.
>
> A reasonable doubt is a fair, actual, and logical doubt based upon reason and common sense.  A reasonable doubt may arise either from the evidence or from the -- a lack of evidence.  Reasonable doubt exists when you are not firmly convinced of the Defendant's guilt after you have weighed and considered all the evidence.
>
> A Defendant must not be convicted on suspicion or speculation. It is not enough for the State to show that the Defendant is probably guilty.  On the other hand, there are very few things in the world that we know with absolute certainty. The State does not have to overcome every possible doubt.
>
> The State must prove each element of the crime by evidence that firmly convinces each of you and leaves no reasonable doubt. The proof must be so convincing that you can rely and act upon it in this matter of the highest importance.
>
> If you find that there is a reasonable doubt that the Defendant is guilty of the crimes, you must give the Defendant the benefit of

the doubt and find the Defendant not guilty of the crimes under consideration.

Instruction Number 16. Under the law of this State, a person charged with a crime is presumed to be innocent. This presumption of innocence continues in favor of the Defendant throughout each stage of the trial and you should fit the evidence presented to the presumption that the Defendant is innocent, if you can reasonably do so.

If the evidence lends itself to two reasonable interpretations, you must choose the interpretation that's consistent with the Defendant's innocence. If there is only one reasonable interpretation, you must accept that interpretation and consider the evidence with all the other evidence in the case in making your decision.

To overcome the presumption of innocence, the State must prove the Defendant guilty of each element of the crimes charged beyond a reasonable doubt.

The Defendant is not required to present any evidence to prove his innocence or to prove or explain anything.

Tr. Vol. II pp. 144-46; Appellant's App. Vol. II pp. 203-205.

After the close of evidence, the trial court gave the following final instructions:

Instruction 1. . . . The court must point out in the instructions as heretofore instructed you as to reach these [sic] from trial, the burden of proof, the credibility of witnesses and the manner of weighing the evidence received which *preliminary instructions should be considered by you along with the following final instructions [in] arriving at your verdict in this case.* As to these instructions on

the law read to you by the Court in which you will be allowed to take to the jury room with you, it is impractical to embody all applicable law in only one instruction, *so in considering one instruction, you should construe it in connection with and in light of every other instruction given*.

* * * * *

Instruction number [8.] [U]nder the law of this state, a person charged with a crime is presumed to be innocent. This presumption of innocence continues in favor of the defendant throughout each stage of the trial and you should fit the evidence presented to the presumption that the defendant is innocent if you can reasonably do so. To overcome the presumption of innocence, the State must prove the defendant guilty of each element of the crime charged beyond a reasonable doubt. The defendant is not required to present any evidence to prove his innocence or to prove or explain anything.

Tr. Vol. III pp. 206, 208 (emphasis added); Appellant's App. Vol. II pp. 216-217, 225.

[6] The trial court also instructed the jury that, if the State failed to prove rape as charged in Count I, it could consider whether the State proved the lesser-included offense of attempted rape. The trial court then defined attempted rape and noted that the State was required to prove the elements "beyond a reasonable doubt." Tr. Vol. III p. 207; Appellant's App. Vol. II pp. 219-20.

[7] The jury found Jones guilty on all counts, except it found Jones not guilty of kidnapping and it found Jones guilty of attempted rape, a Level 1 felony, rather than rape. Due to double jeopardy concerns, the trial court entered the

following convictions: attempted rape, a Level 1 felony; robbery, a Level 5 felony; battery, a Class B misdemeanor; and criminal confinement, a Level 5 felony. The trial court sentenced Jones to an aggregate sentence of thirty-eight and one-half years in the Department of Correction. Jones now appeals.

## Analysis

[8] Jones argues that the trial court committed fundamental error in instructing the jury. Because instructing the jury is a matter within the sound discretion of the trial court, we will reverse a trial court's decision regarding jury instructions only if there is an abuse of that discretion. *Pattison v. State*, 54 N.E.3d 361, 365 (Ind. 2016). An abuse of discretion occurs only if the decision is clearly against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *Schuler v. State*, 132 N.E.3d 903, 904 (Ind. 2019).

[9] We determine whether the instruction states the law correctly, whether it is supported by evidence in the record, and whether its substance is covered by other instructions. *Pattison*, 54 N.E.3d at 365. "Jury instructions are to be considered as a whole and in reference to each other; error in a particular instruction will not result in reversal unless the entire jury charge misleads the jury as to the law in the case." *Id.*

[10] Where, as here, the defendant failed to object to the alleged instructional defect, reversal is warranted only in instances of fundamental error. *Id.* "Error is fundamental if it is 'a substantial blatant violation of basic principles' and

where, if not corrected, it would deny a defendant fundamental due process." *Id.* This exception to the general rule requiring a contemporaneous objection is narrow, providing relief only in "egregious circumstances" that made a fair trial impossible. *Id.*

[11] Jones appears to make two arguments regarding the instructions given by the trial court: (1) the trial court failed to instruct the jury regarding the meaning of "beyond a reasonable doubt" in its final instructions; and (2) except for Count I, the trial court failed to advise the jury of the requisite burden of proof in the final instructions. Jones acknowledges, however, that he did not object to the instructions.[1]

---

[1] Indiana Trial Rule 51 requires a party to state objections to instructions and provides, in relevant part:

> (A) Preliminary Instructions. When the jury has been sworn the court shall instruct the jury in accordance with Jury Rule 20. Each party shall have reasonable opportunity to examine these preliminary instructions and state his specific objections thereto out of the presence of the jury and before any party has stated his case. (The court may of its own motion and, if requested by either party, shall reread to the jury all or any part of such preliminary instructions along with the other instructions given to the jury at the close of the case. A request to reread any preliminary instruction does not count against the ten [10] instructions provided in subsection (D) below.) The parties shall be given reasonable opportunity to submit requested instructions prior to the swearing of the jury, and object to instructions requested or proposed to be given.

> (B) Final Instructions. The judge shall instruct the jury as to the law upon the issues presented by the evidence in accordance with Jury Rule 26.

> (C) Objections and Requested Instructions Before Submission. At the close of the evidence and before argument each party may file written requests that the court instruct the jury on the law as set forth in the requests. The court shall inform counsel of its proposed action upon the requests prior to their arguments to the jury. No party may claim as error the giving of an instruction unless he objects thereto before the jury retires to consider its verdict, stating distinctly the matter to which he objects and the grounds of his objection. Opportunity shall be given to make the objection out of the hearing of the jury. The court shall note all instructions given, refused or tendered, and all written objections submitted thereto, shall be filed in open court and become a part of the record. Objections made orally shall be taken by the reporter and thereby shall become a part of the record.

## *I. Reasonable Doubt*

Jones contends the trial court should have instructed the jury in the final instructions regarding the definition of "beyond a reasonable doubt." In Preliminary Instruction 15 and 16, the trial court specifically defined the burden of proof.[2] The trial court did not repeat these instructions regarding the burden of proof in its final instructions;[3] the trial court did, however, inform the jury that "preliminary instructions should be considered by you along with the

---

[2] Indiana Jury Rule 20 provides the following regarding preliminary instructions:

(a) The court shall instruct the jury before opening statements by reading the appropriate instructions which shall include at least the following:

(1) the issues for trial;

(2) the applicable burdens of proof;

(3) the credibility of witnesses and the manner of weighing the testimony to be received;

(4) that each juror may take notes during the trial and paper shall be provided, but note taking shall not interfere with the attention to the testimony;

(5) the personal knowledge procedure under Rule 24;

(6) the order in which the case will proceed;

(7) that jurors, including alternates, may seek to ask questions of the witnesses by submission of questions in writing;

(8) that jurors, including alternates, are permitted to discuss the evidence among themselves in the jury room during recesses from trial when all are present, as long as they reserve judgment about the outcome of the case until deliberations commence. The court shall admonish jurors not to discuss the case with anyone other than fellow jurors during the trial;

* * * * *

(c) It is assumed that the court will cover other matters in the preliminary instructions.

(d) The court shall provide each juror with the written instructions while the court reads them.

[3] Indiana Pattern Criminal Jury Instruction No. 13.1000 sets forth a pattern instruction for "Burden of Proof—Reasonable Doubt—Final Instruction." The trial court did not read this pattern instruction to the jury.

following final instructions [in] arriving at your verdict in this case." Tr. Vol. III p. 206; Appellant's App. Vol. II p. 216.

[13] In support of his arguments, Jones relies on Indiana Jury Rule 26(a), which provides:

> The court shall read appropriate final instructions, which shall include at least the following:
>
> (1) the applicable burdens of proof;
>
> (2) the credibility of witnesses; and,
>
> (3) the manner of weighing the testimony received.
>
> The court shall provide each juror with written instructions before the court reads them. Jurors shall retain the written instructions during deliberations. The court may, in its discretion, give some or all final instructions before final arguments, and some or all final instructions after final arguments.

[14] Although the trial court did not instruct the jury regarding the burden of proof in the final instructions as required by Jury Rule 26, we cannot conclude that fundamental error occurred. It is well-settled that instructions must be considered as a whole and in relation to each other. *Pattison*, 54 N.E.3d at 365. The substance of the alleged missing final instruction was adequately covered by the preliminary instructions read to the jury and incorporated in the final instructions. Because the jury instructions, considered as a whole, did not make

a fair trial impossible, the trial court did not fundamentally err when it did not repeat the burden of proof in the final instructions. *See, e.g., G.C.B. v. State*, 496 N.E.2d 769, 770 (Ind. 1986) (holding that, because the preliminary instructions outlined the elements of the offense and the jury was told to consider the preliminary instructions in deliberations, the defendant's rights were not violated by the omission of a final instruction on the elements of robbery); *Cruz Rivera v. State*, 127 N.E.3d 1256, 1259 (Ind. Ct. App. 2019) (finding no fundamental error where, while the trial court instructed the jury on the burden of proof during final instructions, the trial court did not instruct the jury on the credibility of witnesses and the manner of weighing testimony), *trans. denied*.

## II. Burden of Proof

[15] Next, Jones argues the trial court failed to instruct the jury regarding the burden of proof for each count except for Count I. In the preliminary instructions, the trial court defined each charge; listed the elements of each charge; and for each charge, informed the jury that it must find Jones not guilty "if the State failed to prove each of these elements beyond a reasonable doubt." *See* Tr. Vol. II pp. 134-143; Appellant's App. Vol. II pp. 176-191. In the final instructions, the trial court did not repeat those preliminary instructions.[4] The trial court did,

---

[4] Indiana Pattern Criminal Jury Instruction 13.3900 provides:

> [Give standard instruction on charged offense, which should conclude with the following paragraph:]

> If the State failed to prove each of these elements beyond a reasonable doubt, you must find the Defendant not guilty of _____, a Level _____ felony, as charged in Count _____.

however, instruct the jury that, if the State failed to prove rape as charged in Count I, the jury could consider whether the State proved the lesser-included offense of attempted rape. The trial court then defined attempted rape and noted that the State was required to prove the elements "beyond a reasonable doubt." Tr. Vol. III p. 207; Appellant's App. Vol. II pp. 219-20. The trial court also informed the jury that "preliminary instructions should be considered by you along with the following final instructions [in] arriving at your verdict in this case." Tr. Vol. III p. 206; Appellant's App. Vol. II p. 216.

[16] Although the trial court's final instructions did not repeat the elements of the charged offenses and the burden with respect to each charged offense, again, it is well-settled that instructions must be considered as a whole and in relation to each other. *Pattison*, 54 N.E.3d at 365. The preliminary instructions, which were incorporated by the final instructions, adequately covered the burden of proof for each charge. The final instructions then also covered the burden of proof for the lesser-included offense of attempted rape for Count I. Because the jury instructions, considered as a whole, did not make a fair trial impossible, the trial court did not fundamentally err when it did not repeat the preliminary instructions regarding each offense in the final instructions. *See, e.g., G.C.B.*, 496 N.E.2d at 770 (holding that, because the preliminary instructions outlined the elements of the offense and the jury was told to consider the preliminary instructions in deliberations, the defendant's rights were not violated by the omission of a final instruction on the elements of robbery).

# Conclusion

[17] Jones has failed to demonstrate fundamental error regarding the jury instructions. We affirm.

[18] Affirmed.

Riley, J., and Mathais, J., concur.