**Randall A. HANCOCK, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 34A02–9808–CR–657.**

Court of Appeals of Indiana.

Dec. 22, 1999.

Transfer Granted Feb. 22, 2000.

Matthew J. Elkin, Deputy Public Defender, Kokomo, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

FRIEDLANDER, Judge

Randall A. Hancock appeals his conviction of Operating a Vehicle With at Least Ten–Hundredths Percent of Alcohol by Weight in Grams in Two Hundred Ten Liters of Breath,[1] a class C misdemeanor. We address sua sponte the following dispositive issue:

> Did the trial court err in convicting Hancock under Ind.Code Ann. § 9–30–5–1(a)(2)?

> We reverse.

The facts favorable to the conviction are that at 2:35 a.m. on December 6, 1997, Officer Bruce Rood of the Kokomo Police Department stopped Hancock because Hancock was driving without his headlights on. When he spoke to Hancock, he noted that Hancock's speech was slurred, his eyes were watery, his breath smelled of alcohol, and there was a beer bottle on the floor of Hancock's car. Officer Rood administered four field sobriety tests and a portable breath test, all of which Hancock flunked. Officer Rood also discovered that Hancock, whose driver's license was suspended at the time, gave Officer Rood a false social security number and an incorrect birthday. Officer Rood arrested Hancock for false informing. Hancock was transported to the Howard County Jail, where Officer Desmond Christian administered an intoxilizer breath test on a BAC Data Master machine at 3:18 a.m. The test revealed that Hancock had a .18% blood-alcohol content. Hancock was charged with operating a vehicle with at least ten-hundredths percent of alcohol by weight in grams in two hundred ten liters of breath, and was convicted as set out above following a jury trial.

Hancock was convicted under Ind.Code Ann. § 9–30–5–1(a)(2), which states: "(a) A person who operates a vehicle with at least ten-hundredths percent (0.10%) of alcohol by weight in grams in ... (2) two hundred ten (210) liters of the person's breath ... commits a Class C misdemeanor."

---

1. Ind.Code Ann. § 9–30–5–1 (West 1992).

In *Sales v. State,* 714 N.E.2d 1121 (Ind.Ct.App.1999), as here, the defendant was charged with operating a vehicle with at least .10% by weight of alcohol in 210 liters of breath, in violation of IC § 9–30–5–1(a)(2). In reviewing Sales's conviction, this court considered "whether breath test results expressed in grams per 210 liters of breath can support a conviction under Indiana Code Section 9–30–5–1(a)(2) as written." *Sales v. State,* 714 N.E.2d at 1126. We need not reproduce that analysis here. It is enough for purposes of this appeal to note that this court affirmed the trial court's conclusion that it is physically and medically impossible to commit that offense as it is currently defined in the statute. *Id.* Therefore, we concluded, "Indiana Code Section 9–30–5–1(a)(2) is defective on its face and *will not support a conviction." Sales v. State,* 714 N.E.2d at 1129 (emphasis supplied).

We are mindful that Hancock has failed to present any argument concerning the facial invalidity of IC § 9–30–5–1(a)(2). Hancock's failure to raise this argument would normally result in waiver of the issue. However, we may address the merits of an issue not preserved at trial if the error is fundamental. *Roach v. State,* 695 N.E.2d 934 (Ind.1998); *see also, Bufkin v. State,* 700 N.E.2d 1147 (Ind. 1998) (appellate court may address an issue sua sponte if it is of sufficient importance). An error is fundamental if it is "so prejudicial to the rights of a defendant that it amounted to a denial of fundamental due process." *State v. Winters,* 678 N.E.2d 405, 410 (Ind.Ct.App.1997). It is fundamental error to convict a defendant of an offense which this court has determined is medically impossible to commit. *See Sales v. State,* 714 N.E.2d 1121. Therefore, the trial court committed fundamental error in entering judgment of conviction under IC § 9–30–5–1(a)(2), and the conviction must be reversed.

Judgment reversed.

ROBB, J., concurs.

RILEY, J., dissenting.

RILEY, Judge, dissenting

I respectfully dissent because Hancock has failed to present any argument concerning the facial invalidity of Ind.Code § 9–30–5–1(a)(2) (the alcohol-breath provision), and therefore, this issue is waived.

At the outset, I would note that this dissent is not to be interpreted inconsistently with this court's decision in *Sales v. State,* 714 N.E.2d 1121 (Ind.Ct.App.1999). In that case, Sales was charged and convicted under Ind.Code § 9–30–5–1(a)(1), with operating a vehicle with at least .10% by weight of alcohol in 100 milliliters of his blood as a result of a breath test result of .14 grams of alcohol per 210 liters of breath. This court held in *Sales* that the alcohol-breath provision of Ind.Code § 9–30–5–1(a) is defective on its face and in order to sustain a conviction under Ind. Code § 9–30–5–1, the State must prove beyond a reasonable doubt that the person charged with the crime, operated a vehicle with at least .10% by weight of alcohol in grams in 100 milliliters of the person's blood. *Id.* at 1129. Furthermore, we held that the State could present the breath test printout result as evidence to prove that Sales violated Ind.Code § 9–30–5–1(a)(1), but the State will be required to present evidence to correlate the amount of alcohol in 210 liters of a person's breath, as reported in the printout, with the amount of alcohol in 100 milliliters of blood, an element of Ind.Code § 9–30–5–1(a)(1).

However, in the case at hand, while Hancock was charged and convicted under the alcohol-breath provision, he fails to raise the issue we addressed in *Sales* ; whether the alcohol-breath section can sustain a conviction. First, Hancock was charged and convicted under Ind.Code § 9–30–5–1(a)(2) while Sales was charged and convicted under Ind.Code § 9–30–5–1(a)(1). Although Sales was charged with operating a vehicle with .10% or more by

weight in grams of alcohol in his *blood* (Ind.Code § 9–30–5–1(a)(1)), as well as operating a vehicle with at least .10% of alcohol by weight in grams in his *breath* (Ind.Code § 9–30–5–1(a)(2)), the trial court dismissed Sales' alcohol-breath charge.

Therefore, I respectfully disagree with the majority's statement that in *Sales*, as here, Hancock was charged with operating a vehicle with at least .10% of alcohol by weight in grams in 210 liters of his *breath*, because Sales' alcohol-breath charge was dismissed before this court could review this issue on the merits. Instead, we reviewed Sales' alcohol-breath charge on the State's cross-appeal of the trial court's *sua sponte* dismissal of Sales' alcohol-breath charge. Second, Sales argued that his breath test results were inadmissible because the State failed to provide evidence of a conversion process from the alcohol-breath reading of the breath test machine to a alcohol-blood measurement in order to convict him under the alcohol-blood provision. Here, Hancock instead argues that the results of his breath test are inadmissible as hearsay because the result does not give a reading in units of percent by weight of alcohol in blood as required by Ind. Admin. Code tit. 260, r. 1.1–5–1.

Thus, because Hancock failed to raise the issue raised by Sales, we should refrain from addressing whether Hancock's breath test results, expressed in grams per 210 liters of his breath, can support a conviction under Ind.Code § 9–30–5–1(a)(2) and we should confine our analysis to address only the issue of the admissibility of the breath test results.

I would affirm the trial court's conviction of Hancock under Ind.Code § 9–30–5–1(a)(2).