**Wayne SINN, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 54A01–9209–CR–295.**

Court of Appeals of Indiana,
First District.

March 1, 1993.

Transfer Denied May 6, 1993.

Wayne Sinn, pro se.

Linley E. Pearson, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, for appellee-plaintiff.

ROBERTSON, Judge.

Wayne Sinn, pro se, appeals the denial of his motion to correct an erroneous sentence. He correctly asserts that the trial court was without statutory authority to order his sentence to run consecutively to a sentence entered previously in another court. We reverse and remand with instructions.

### FACTS

The undisputed facts reveal that on September 12, 1980, Sinn was convicted of Robbery as a Class B felony pursuant to a

plea agreement. The plea agreement called for the present sentence of twelve (12) years to be served consecutively to a fifteen (15) year sentence imposed previously by another court.

The State concedes that consecutive sentencing was not mandatory under Ind.Code 35–50–1–2(b). Moreover, the State acknowledges that our supreme court has held that the discretionary authority to give consecutive sentences afforded by I.C. 35–50–1–2(a) is limited to situations in which the trial court is contemporaneously imposing the two sentences to be served consecutively, citing *Bartruff v. State* (1990), Ind., 553 N.E.2d 485.

### DECISION

In the absence of express statutory authority, trial courts cannot order consecutive sentences. *Baromich v. State* (1969), 252 Ind. 412, 249 N.E.2d 30. The discretionary authority of the trial court to order consecutive sentences under I.C. 35–50–1–2(a) is limited to those occasions when a court is meting out two or more terms of imprisonment at one time. *Kendrick v. State* (1988), Ind., 529 N.E.2d 1311.

Therefore, in the present case, the trial court's order that the sentence for the Robbery conviction be served consecutively to the previously imposed sentence is illegal. *See Watkins v. State* (1992), Ind.App., 588 N.E.2d 1342. As in *Watkins*, the sentencing error in the present case is:

> precisely the type of illegal sentence in violation of express statutory authority contemplated for redress under a motion to correct an erroneous sentence.

*Id.* at 1345.

The State argues first, in effect, that the sentence was imposed pursuant to the terms of a plea agreement and Sinn is bound to his bargain. The State cites *Carnine v. United States*, (7th Cir.1992), 974 F.2d 924, for the proposition that plea bargains are contractual in nature and are measured by contract law standards. The State urges:

> Here, [Sinn] knew and understood when he entered the plea agreement that

the sentences would be served consecutively. The State entered the agreement for consecutive sentences in lieu of prosecuting [Sinn] on a [sic] Habitual Offender charge wherein [Sinn] would have received a thirty (30) [year] sentence consecutive to the sentence imposed for the Robbery. [Sinn] has received the benefit of the agreement and cannot at this time oppose it.

(State's brief p. 3).

As logical and attractive as the State's argument is, it must be rejected. Sinn would prevail under contract law standards: a contract made in violation of statute is void and unenforceable. *Tolliver v. Mathas* (1987), Ind.App., 512 N.E.2d 187, *on rehearing*, 538 N.E.2d 971, *trans. denied.* Moreover, we cannot sanction an illegal sentence simply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement. Courts are duty bound to correct illegal sentences. *Golden v. State* (1990), Ind.App., 553 N.E.2d 1219.

The State next argues, despite its acknowledgment of supreme court authority to the contrary, that Sinn's sentence was authorized by I.C. 35–50–1–2(a). Suffice it to say that we are bound by the supreme court authority set out in this opinion.

Sinn is entitled to relief from the illegal sentence. However, it does not follow that we must direct that the present sentence run concurrently with the previously imposed sentence as we did in *Watkins*, 588 N.E.2d 1342. *Watkins* is distinguishable as the illegal sentence was not the product of a plea bargain. As noted above, an illegal contract is void, *Tolliver*, 512 N.E.2d 187. Therefore, the conviction and sentence entered pursuant to the illegal plea agreement must be vacated; Sinn may be reprosecuted on the Robbery charge.[1]

Judgment reversed.

BAKER and RUCKER, JJ., concur.

1. We believe this disposition is not only mandated by law, but is favorable to the State. Were we to order Sinn's twelve (12) year sentence to run concurrently to the sentence imposed earlier, Sinn would, in all likelihood, have finished serving his sentences at this point and would be entitled to be discharged. Moreover, considering the sequencing of convictions, the Robbery conviction would be superfluous to any later habitual offender adjudication. Because the sentencing error renders the entire plea agreement void, Sinn may be reprosecuted on the Robbery charge and, if eligible, face the habitual adjudication alluded to by the State in its brief. After all, an illegal sentence must be corrected even if the correction subjects the defendant to a longer period of incarceration. *Chandler v. State* (1983), Ind., 451 N.E.2d 319; *Golden*, 553 N.E.2d 1219.