James C. THOMPSON, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 34A04–9306–CR–221.

Court of Appeals of Indiana,
Fourth District.

May 23, 1994.

William C. Menges, Jr., Kokomo, for appellant:

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

RILEY, Judge.

### STATEMENT OF THE CASE

Defendant–Appellant James C. Thompson (Thompson) appeals from the denial of his motion to correct an erroneous sentence.

We reverse and remand with instructions.

### ISSUE

One issue is dispositive of this appeal: Whether the trial court erred when, pursuant to a plea agreement, it sentenced Thompson to a term of imprisonment to be served consecutive to a term already imposed in another county.

### FACTS AND PROCEDURAL HISTORY

The record reveals that Thompson was charged by information with robbery, a class C felony [1] and confinement, a class D felony [2] in the Howard County Circuit Court in September, 1986. Thompson pled guilty to the robbery charge pursuant to a plea agreement and was sentenced on October 16, 1987. Sentence was entered pursuant to the plea agreement for a term of five years to be served consecutive to any sentence received out of Monroe County and concurrent with any sentence imposed in Johnson County.

We previously reviewed an issue concerning Thompson's Monroe County plea agreement and sentence in *Thompson v. State,* 597 N.E.2d 390 (Ind.App.1992). (R. 23–25). The issue before us in that case was whether Thompson knowingly, intelligently and voluntarily entered into his negotiated plea agreement in Monroe County despite his contention that he was misled by the trial court's statement that any sentences received subsequently in other counties would be served concurrent with the sentence he received. We held that he did. *Thompson,* at 5. (table).

The facts presented in that decision reveal that on December 15, 1986, Thompson pled guilty to four counts of robbery in the Monroe Superior Court. In the negotiated plea agreement, the State agreed in part to recommend that Thompson receive a sentence of eight years on each of the four robbery counts, to be served concurrent with each other and to any sentence imposed in Howard or Johnson counties for charges then pending against Thompson.

When the Monroe County judge sentenced Thompson, he recommended that the sentences run concurrent with any sentences to be entered in Howard or Johnson counties. Thereafter, Thompson pled guilty to charges in Howard and Johnson counties and received sentences to be served concurrent with each other, but consecutive to the Monroe County sentence. The Department of Corrections notified Monroe County that the DOC would honor the Howard and Johnson counties' sentences in lieu of the Monroe County sentence. The DOC reasoned that the Monroe County sentence did not appear to be consistent with IND.CODE 35–50–1–2(a).

In a footnote we said that Thompson's sentences in Howard and Johnson counties could not be ordered to be served consecutive to sentences he received in Monroe County. We continued by saying that "[h]owever, the propriety of these other courts' orders on the consecutive sentences are not before us; Thompson may not appeal those issues in this cause of action, which addresses only the voluntariness of his guilty plea in the Monroe Court." *Id.* at 5, n. 3. The issue that we did not reach in Thompson's PCR is the precise issue before us today. We are asked to consider the propriety of the Howard County sentencing order which imposed sentence to run consecutive to the Monroe County sentence.

Thompson filed his motion to correct erroneous sentence in February, 1993. He argued that the October, 1987, Howard County sentence was erroneous because a single court may not order consecutive sentences when the sentences are imposed in two or

---

1. IND.CODE 35–42–5–1 (1993).

2. IND.CODE 35–42–3–3 (1993).

more courts. The State filed its memorandum in opposition to Thompson's motion to correct erroneous sentence stating that the sentencing court entered sentence pursuant to a plea agreement from which Thompson received a benefit and thus he should not now be heard to complain. After hearing argument on the motion, the court denied Thompson's motion. Thompson appeals from this decision.

## DISCUSSION AND DECISION

■ The purpose of a motion to correct an erroneous sentence under IND.CODE 35-38-1-15 is to provide prompt, direct access to uncomplicated legal process for correcting an occasional erroneous or illegal sentence. *Watkins v. State* (1992), Ind.App., 588 N.E.2d 1342, 1344 (citations omitted). The motion to correct an erroneous sentence is the proper procedure for addressing errors in sentencing similar to those which an appellate court would hold to be fundamental and would correct even if presented for the first time on appeal. *Id.* Such fundamental error would include *illegal sentences in violation of express statutory authority* or an erroneous interpretation of a penalty provision. *Id.*

■ A trial court cannot order consecutive sentences in the absence of express statutory authority. *Baromich v. State* (1969), 252 Ind. 412, 249 N.E.2d 30. We first note that consecutive sentences were not mandated by IND.CODE 35-50-1-2(b) because the offenses for which Thompson was sentenced in Howard, Monroe and Johnson counties all occurred prior to his arrest in Howard County in September, 1986. A person must commit another crime after being arrested and before discharge on the other crime for the mandatory sentencing statute to apply.

■ I.C. 35-50-1-2(a) grants a general discretionary authority to the trial court to order consecutive sentences. In interpreting I.C. 35-50-1-2(a) we have said that

[t]he general authority [conferred by section (a) ] is· limited to those occasions when a court is meting out two or more terms of imprisonment. If a court is contemporaneously imposing two or more sentences, it is granted the general statutory authority to

order them to be served consecutive to one another. Section (a) does no more than this.

*Kendrick v. State* (1988), Ind., 529 N.E.2d 1311, 1312. Based on the foregoing, the Howard County sentencing order requiring that the five year sentence for robbery be served consecutive to the sentence previously imposed in Monroe County is without statutory authority. *See Watkins v. State,* 588 N.E.2d 1342. As in *Watkins,* the sentencing error in the present case is "precisely the type of illegal sentence in violation of express statutory authority contemplated for redress under a motion to correct an erroneous sentence." *Watkins,* 588 N.E.2d at 1345.

■ The State argues that Thompson's sentence was imposed pursuant to the terms of a plea agreement which terms Thompson knew and understood when he agreed to them. Further, the State argues that it entered into the plea agreement for consecutive sentences in lieu of prosecuting Thompson on the two charges originally filed against him. Thus, Thompson has received the benefit of the agreement and cannot at this time oppose it. Appellee's Brief at 3. This argument mirrors the argument advanced by the State in *Sinn v. State* (1993), Ind.App., 609 N.E.2d 434, *trans. denied.* In *Sinn,* we rejected the State's argument saying that

a contract made in violation of statute is void and unenforceable. *Tolliver v. Mathas* (1987), Ind.App., 512 N.E.2d 187, *on* [*reh'g* ], 538 N.E.2d 971, *trans. denied.* Moreover, we cannot sanction an illegal sentence simply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement. Courts are duty bound to correct illegal sentences.

*Sinn,* 609 N.E.2d at 436. As in *Sinn,* we do not find the argument persuasive. In *Sinn* we held that the trial court's order that defendant's sentence run consecutive to a sentence entered previously in another court was illegal. *Id.* at 435. Similarly, in the present case, Thompson's sentence is illegal and cannot stand. Having concluded that Thompson is entitled to relief from the illegal

sentence, we conclude that the conviction and sentence entered pursuant to the illegal plea agreement must be vacated.

## CONCLUSION

The trial court erred when it denied Thompson's motion for relief from erroneous sentence. The conviction and sentence are hereby vacated. Thompson may be reprosecuted on the Howard County charge.

Accordingly, we reverse and remand for further proceedings not inconsistent with this opinion.

MILLER, J., concurs.

STATON, J., concurs in result.