Tony Lee SMITH, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 54A01–9905–CR–157.

Court of Appeals of Indiana.

Oct. 8, 1999.

Jeffrey A. Boggess, Crawfordsville, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, Eileen Euzen, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BROOK, Judge

### Case Summary

Appellant-defendant Tony Lee Smith ("Smith") appeals from his convictions and sentence for nonsupport of a dependent child entered pursuant to a plea agreement. We reverse and remand.

1. *See* IND.CODE § 35–46–1–5(a).

2. The record reveals that while the State initially offered Smith a four-year sentence, Smith specifically asked for a five-year sentence with one year of probation to avoid being placed on parole. Smith did so be-

### Issues

Smith presents several issues for our review, one of which we find dispositive: whether the trial court erred when it denied Smith's motion to withdraw his guilty plea prior to sentencing.

### Facts and Procedural History

On February 12, 1997, the State charged Smith with four counts of nonsupport of a dependent child as Class D felonies.[1] The State alleged that from April 15, 1992 to February 12, 1997, Smith had failed to pay court-ordered child support for the four children born of his marriage to Brenda Smith. Smith pled guilty to the State's charges on November 19, 1998. The terms of the plea agreement set forth the following:

1. Defendant shall plead guilty to the allegations of Nonsupport of a Dependent Child, as Class D felonies in violation of Ind.Code § 35–46–1–5(a) as charged in Counts I, II, III, and IV of the Information herein.

(A) *As to each Count,* the Court shall enter judgment of conviction as a CLASS D FELONY and sentence the Defendant to an executed term of imprisonment of THREE (3) YEARS;

(B) That the sentences imposed on *each count* shall be served CONSECUTIVELY to every other count; the parties agree that the total sentence shall be five (5) years, with an executed sentence of four (4) years; ... the remaining one (1) year shall be suspended and the Defendant shall be placed on Probation for a period of one (1) year following his release from incarceration.... [2]

cause of previous difficulties he had allegedly experienced with a parole officer and the parole board. The State complied with his request, as evidenced by the terms of the plea agreement.

2. That in exchange for the Defendant's pleas of guilty as outlined above, the State of Indiana will dismiss the Habitual Offender Information filed on March 13, 1997 in this Cause.

(Emphasis in original).

The trial court determined at the guilty plea hearing that there was a factual basis for Smith's guilty pleas and that he had knowingly and voluntarily entered into the agreement. At the sentencing hearing held on January 7, 1999, however, Smith made an oral motion to withdraw his guilty plea, contending that the imposition of a five-year sentence was greater than that allowed by law and thus rendered the plea agreement illegal. The trial court denied Smith's motion to withdraw, but sentenced him to four years of incarceration rather than the five years imposed by the plea agreement. Smith now appeals.

### Discussion and Decision

■ Smith contends on appeal, as he did at his sentencing hearing, that the plea agreement imposed an illegal sentence and was therefore facially invalid. As such, Smith claims that he should have been permitted to withdraw his plea of guilty and that the trial court erred in declining to do so. We agree.

■ IND.CODE § 35–50–1–2(c) restricts a trial court's authority to impose consecutive sentences for a single episode of criminal conduct and provides in relevant part:

[T]he total of the consecutive terms of imprisonment ... to which the defendant is sentenced for felony convictions arising out of an episode of criminal conduct shall not exceed the presumptive sentence for a felony which is one (1) class of felony higher than the most serious of felonies for which the person has been convicted.

IND.CODE § 35–50–1–2(b) further defines "an episode of criminal conduct" as "offenses or a connected series of offenses that are closely related in time, place, and circumstance." Here, the record establishes, and all parties concede, that Smith's failure to pay an undivided amount of child support during the same time period for the benefit of four children born of the same marriage constituted one episode of criminal behavior for purposes of sentencing. Because Smith pled guilty to four counts of nonsupport of a dependent child as Class D felonies, the maximum sentence permissible in this instance was the presumptive sentence for a Class C felony: four years. *See* IND.CODE § 35–50–2–6(a). The plea agreement into which Smith entered, however, imposed a sentence of five years, "an illegal sentence in violation of express statutory authority." *Watkins v. State*, 588 N.E.2d 1342, 1345 (Ind.Ct.App. 1992) (addressing defendant's motion to correct erroneous sentence).

■ A plea agreement is a contract, "an explicit agreement between the State and defendant which is binding upon both parties when accepted by the trial court." *State ex rel. Goldsmith v. Marion County Superior Court*, 275 Ind. 545, 419 N.E.2d 109, 114 (1981). It is a well-settled rule of law that contracts made in violation of a statute are void and unenforceable. *Sinn v. State*, 609 N.E.2d 434, 436 (Ind.Ct.App. 1993) (citing *Tolliver v. Mathas*, 512 N.E.2d 187, *on rehearing*, 538 N.E.2d 971 (Ind.Ct.App.1989)), *trans. denied*. Moreover, this Court cannot sanction an illegal sentence simply because it was the product of an agreement knowingly and voluntarily entered into by the defendant. *Id.* Accordingly, because the terms of the plea agreement imposed upon Smith an illegal five-year sentence when the maximum sentence allowed by law is only four years, the agreement was void and unenforceable on its face. This determination holds true despite Smith's clear assent to, and indeed affirmative request for, the very terms that rendered the plea agreement invalid.[3] *See id.*

---

**3.** We observe that a trial court is not required to grant a request for withdrawal of a guilty plea unless the defendant proves that withdrawal of the plea is necessary to correct a

## Conclusion

For the foregoing reasons, we conclude that the trial court erred when it denied Smith's motion to withdraw his guilty plea. The conviction and sentence entered pursuant to the illegal plea agreement are hereby vacated. Smith may be reprosecuted on the original charges.

Reversed and remanded for further proceedings consistent with this opinion.

KIRSCH and DARDEN, JJ., concur.

manifest injustice. *Bland v. State*, 708 N.E.2d 880, 882 (Ind.Ct.App.1999); IND.CODE § 35–35–1–4(b). We note additionally that Smith's motion to withdraw his plea in this case was oral and was neither verified nor in writing. When a defendant fails to submit a motion to withdraw a guilty plea that is in writing and verified, the issue is waived. *Smith v. State*, 593 N.E.2d 1208, 1209 (Ind.Ct.App.1992), *trans. denied.* These are not issues before this Court, however, as the overriding principle remains that an illegal contract is void and unenforceable. *Sinn*, 609 N.E.2d at 436.