**Isiah KING, Jr., Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 45A03–9902–CR–56.**

Court of Appeals of Indiana.

Dec. 21, 1999.

Charles E. Stewart, Jr., Appellate Public Defender, Crown Point, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, J.T. Whitehead, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

NAJAM, Judge

### STATEMENT OF THE CASE

Isiah King, Jr., appeals the revocation of his probation. The sole issue presented for our review is whether the trial court committed reversible error when it enhanced King's conviction from Criminal Recklessness, as a Class A misdemeanor, to Criminal Recklessness, as a Class D felony, after revoking his probation.

We reverse and remand with instructions.

### FACTS AND PROCEDURAL HISTORY

On August 31, 1997, the State filed a criminal information charging King with criminal recklessness, as a Class D felony. On March 3, 1998, King entered a plea of guilty. He was sentenced on April 7, 1998. After hearing argument and evidence presented during the sentencing hearing, the trial court entered a judgment of conviction for criminal recklessness, as a Class A misdemeanor.[1] The sentencing order provides as follows:

1. The option of entering a judgment of con-      viction of a Class A misdemeanor when the

For the reasons stated in open court, the defendant shall be imprisoned for a term of one year for committing the offense of criminal recklessness while armed for which judgment is entered as a Class A misdemeanor. The court suspends the sentence, and places the defendant on probation for a term of one year under the court's written probation conditions, which are signed by the defendant and filed by the probation officer following the sentencing hearing.

Record at 26.

As part of his sentence, King entered into a written agreement with the Probation Department which provided the terms and conditions of his probation. King was informed both orally and in writing that if he violated the terms of his probation and the Probation Department learned of his violation within forty-five days or within one year of the end of the probationary period, whichever occurred first, a petition to revoke would be filed. *See* IND.CODE § 35–38–2–1. In addition, the trial court stated at the sentencing hearing that if King violated the terms of his probation during the first year of probation, the court would vacate its judgment as a Class A misdemeanor, enter judgment as a Class D felony, and sentence King accordingly. However, this possible sanction was not included in the judgment or the sentencing order.

On September 28, 1998, the Probation Department filed a petition to revoke King's probation alleging that: (1) King

was recently charged with battery, residential entry, criminal recklessness and criminal mischief, (2) King did not reside at 4474 Monroe Street as ordered by the trial court, and (3) King associated with a known member of the Gangster Disciples. Following a hearing, the trial court granted the petition to revoke probation on the basis that King had committed a crime while on probation. Judgment was re-entered on December 22, 1998, on the charge of criminal recklessness, as a Class D felony. The trial court ordered King to serve the remainder of his original sentence in the Department of Correction. King now appeals.

## DISCUSSION AND DECISION

King contends that the trial court committed reversible error when it enhanced his conviction from a Class A misdemeanor to a Class D felony after revoking his probation. Specifically, he argues that the sentencing order and judgment of April 7, 1998, did not confer upon or reserve to the trial court continuing jurisdiction to enhance his sentence at a later date. Moreover, he argues that there is no statutory authority for a trial court to enhance a defendant's sentence from a misdemeanor to a felony after the court has entered a final judgment. We agree.

∎ A trial court does not have the inherent power to modify a sentence. *Beanblossom v. State*, 637 N.E.2d 1345, 1347 (Ind.Ct.App.1994), *trans. denied.* After final judgment, a court retains only

---

defendant has committed a Class D felony is not unique to the offense of criminal recklessness. This option is frequently exercised by trial courts in entering convictions for various crimes pursuant to Indiana Code Section 35–50–2–7(b) which provides:

> [I]f a person has committed a Class D felony, the court may enter judgment of conviction of a Class A misdemeanor and sentence accordingly. However, the court shall enter a judgment of conviction of a Class D felony if:
> (1) the court finds that:
> (A) the person has committed a prior, unrelated felony for which judgment was

entered as a conviction of a Class A misdemeanor, and
> (B) the prior felony was committed less than three years before the second felony was committed
> (2) the offense is domestic battery as a Class D felony
> (3) the offense is auto theft, or
> (4) the offense is receiving stolen auto parts.
> The court shall enter in the record, in detail, the reason for its action whenever it exercises the power to enter judgment of conviction of a Class A misdemeanor granted in this subsection.

such continuing jurisdiction as is permitted by the judgment itself or as is given the court by statute or rule. *Marts v. State,* 478 N.E.2d 63, 65 (Ind.1985) (quoting *State ex rel. Kelley v. Marion Criminal Court,* 269 Ind. 46, 378 N.E.2d 833, 834 (1978)). Here, the trial court entered a final judgment with respect to King's criminal recklessness conviction on April 7, 1998 when it convicted King and sentenced him to one year, suspended, with one year of probation. The trial court's sentencing order did not purport to retain any continuing jurisdiction over King. Further, we find no statutory provision which would give the trial court jurisdiction to enhance King's conviction from a Class A misdemeanor to a Class D felony after it has entered a judgment and sentence for the offense.[2] Thus, we hold that the trial court lacked the authority to make such a modification. When revoking a defendant's probation, the court may impose an executed sentence for the crime on which judgment was previously entered but it cannot reclassify the offense.

■ Still, the State contends that the trial court did not err when it enhanced King's conviction to a Class D felony because, during the sentencing hearing, the court orally advised King that it would modify the judgment of conviction if he violated any term of his probation during the first year of his probationary period and King acknowledged that he understood that possibility. In support of its position, the State cites authority for the proposition that while the law generally requires a person placed on probation to be given a written statement of the conditions of probation at the sentencing hearing, failure to provide a probationer with a written statement is harmless where the record reflects that the probationer has been orally advised by the sentencing court of the conditions and he specifically acknowledges that he understands those conditions. *See Kerrigan v. State,* 540 N.E.2d 1251, 1252 (Ind.Ct.App.1989). The authority relied upon is a correct statement of the law but inapposite to this case.

Here, the State has characterized the conditional judgment against King of criminal recklessness, a Class A misdemeanor, as a term or condition of his probation. We cannot agree. During the sentencing hearing, the trial judge stated to King:

> Special conditions of probation are that you must remain employed. You may not use alcohol or controlled substances without a doctor's prescription. You may not possess a handgun or other deadly weapon. You must live at 4474 Monroe Street in Gary. You may not associate with known gang members. You must complete your GED. You shall participate in a substance abuse program, if required by the probation department.... If you violate your probation within the first year, what the court will do will be to reverse its judgments for the Class A misdemeanor, impose judgment for the felony and sentence you accordingly.

Record at 101. The court's instruction that it would enter conviction as a felony was not a condition of King's probation but a new sanction that would be imposed if King failed to comply with the terms of his probation.[3] The revocation of probation is not an added punishment but merely the imposition of punishment that the court previously withheld when judgment of conviction was entered. A sentence enhancement, however, is not a condition of proba-

---

**2.** As noted by the defendant, Indiana Code Section 35–38–1–17 permits a trial court to reduce or suspend the sentence of a criminal defendant within one year of the date that the defendant began serving his sentence. Thus, in this case, the trial court could have entered a judgment of conviction for criminal recklessness, as a Class D felony, and provided that it would reduce the conviction to a Class

A misdemeanor if King complied with the terms of his probation. However, this statute does not grant the trial court the same authority to enhance a defendant's conviction after the fact.

**3.** *See* IND.CODE § 35–38–2–2.3.

tion but additional punishment. Once a judgment of conviction was entered as a Class A misdemeanor, the trial court was without authority to reclassify the conviction as a felony.

■ The action taken in this case was the functional equivalent of a "withheld judgment" or "judgment withheld" (also commonly known as a "JW"). A judgment withheld is a practice by which some trial courts withhold judgment as a case management device for various purposes. In *Chissell v. State*, 705 N.E.2d 501 (Ind.Ct. App.1999), *trans. denied*, we stated that while it may be useful, this informal practice finds no sanction in the law. *Id.* at 506. Trial courts may not withhold judgment nor indefinitely postpone sentencing. *See Robison v. State*, 172 Ind.App. 205, 359 N.E.2d 924 (Ind.Ct.App.1977); *see also* IND.CODE § 35–38–1–1(a) (after a verdict, the court shall enter a judgment of conviction). Here, the court could not both enter judgment as a Class A misdemeanor and, in effect, withhold judgment as a Class D felony on the same offense.

In sum, we conclude that the trial court erred when it enhanced King's conviction from criminal recklessness, a Class A misdemeanor, to criminal recklessness, a Class D felony, after revoking his probation. Upon remand, we instruct the trial court to vacate King's conviction and sentence for criminal recklessness, as a Class D felony, and to enter judgment of conviction for criminal recklessness, as a Class A misdemeanor.

Reversed and remanded with instructions.

ROBB, J., and BROOK, J., concur.