Dennis W. LIGHTY, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 27A05–9907–CR–298.

Court of Appeals of Indiana.

April 27, 2000.

David M. Payne, Marion, Indiana, Attorney for Appellant.

Jeffrey A. Modisett, Attorney General of Indiana, James B. Martin, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

## OPINION

BAILEY, Judge

### Case Summary

Appellant–Defendant Dennis Lighty ("Lighty") was charged by Information with two counts of Battery, as a class A misdemeanor and class D. felony.[1] The trial court withheld judgment pending the conditions of Lighty's plea agreement. Lighty now appeals the trial court's determination that he violated the terms of his plea agreement. We reverse and remand.

### Issue

■ This Court raises the following dispositive issue *sua sponte:* [2]

Whether the parties' plea agreement was *void ab initio.*

### Facts and Procedural History

On October 16, 1998, Lighty pled guilty to Battery as a class A misdemeanor. Lighty admitted to throwing a hairbrush and remote control at the mother of his children, Tonya Fansler ("Fansler"), which injured Fansler. Prior to trial, Lighty entered into a plea agreement with the State, which read in pertinent part as follows:

1. That the Defendant will enter a plea of guilty to the crime of: Count I, Battery Resulting in Bodily Injury, a Class A Misdemeanor, which said crime carries a maximum sentence of one (1) year incarceration.

2. That the [State of ·Indiana] and the Defendant agree that judgment shall be withheld for a period of one (1) year on the following conditions: 1) Defendant not be arrested based upon probable cause within that period; and 2) Defendant enroll in, attend and successfully complete the Batteries [sic] Program.

3. That the State of Indiana will dismiss Count II, Battery Resulting in Bodily Injury Having a Prior Conviction.

(R. 60–61.) The trial court accepted the plea agreement.

On September 9, 1998, Lighty enrolled in the Batterer's Program at Family Service Society, Inc. ("Batterer's Program"). The Batterer's Program includes twenty-six weekly sessions. Lighty attended the

---

1. *See* IND.CODE § 35–42–2–1(a)(1)(A) and (a)(2)(E) respectively.

2. Lighty raised the following issues on appeal:
 1. Whether there was sufficient evidence, as a matter of law, to rule that the Defendant violated the terms of his plea agreement.
 2. Whether the Trial Court erred by refusing to permit Defendant to substitute another counseling program.

3. Whether the Trial Court imposed a sentence which is excessive.

(Appellant's Brief at 1.) When necessary, this Court may raise certain issues *sua sponte,* although such issues were not raised or adequately briefed by the parties. *See Hancock v. State,* 720 N.E.2d 1241, 1243 (Ind.Ct.App. 1999). Here, we need not address the aforementioned issues, as the fundamental issue we have raised *sua sponte* is dispositive.

first twelve sessions. During the twelfth session, Lighty was involved in a verbal altercation with the counselor of the Batterer's Program, resulting in his dismissal from the program.

Following Lighty's dismissal from the Batterer's Program, the State filed a motion entitled "Motion to Reinstate Judgment." (R. 65–66.) Lighty, in turn, filed a "Motion for Ruling that Defendant has Successfully Completed the Batterer's Program." (R. 74–76.) Following a hearing on the State's "Motion to Reinstate Judgment," the trial court entered an order entitled "Order Revoking Probation," which read in pertinent part as follows:

> Based upon the evidence the Court now finds Defendant has violated the terms of this Court's Sentencing Order entered October 16, 1998[,] and the terms of his Plea Agreement, that he receive a one (1) year suspended sentence upon the condition that he enroll in and attend and successfully complete the Batterer's Program. The evidence presented to the Court demonstrated clearly that Defendant was removed from the Batterer's Program due to his disruptive and unacceptable behavior on March 15, 1999. Based upon that conduct the Court finds Defendant has violated the terms of his Plea Agreement and this Court's Order of Sentence and the Court now imposes a sentence of one hundred and eighty (180) days in the Grant County Jail to be followed by the balance of Defendant's original one (1) year sentence on Probation, a condition of which will be the requirement that Defendant enroll in a counseling program acceptable to his Probation Officer [and] designed to control Defendant's anger.

(R. 79–80.) This appeal followed the denial of Lighty's Motion to Correct Errors.

## Discussion and Decision

### Plea Agreements

 A plea agreement is a contract, "an explicit agreement between the State

and defendant which is binding upon both parties when accepted by the trial court," *Smith v. State*, 717 N.E.2d 239, 241 (Ind. Ct.App.1999) (quoting *State ex rel. Goldsmith v. Marion County Superior Court*, 275 Ind. 545, 419 N.E.2d 109, 114 (1981)). It is well-settled that contracts made in violation of a statute are void and unenforceable. *Sinn v. State*, 609 N.E.2d 434, 436 (Ind.Ct.App.1993). An action or subject matter that is void has no effect whatsoever. *Trook v. Lafayette Bank and Trust Co.*, 581 N.E.2d 941, 944 (Ind.Ct. App.1991). The term *void ab initio* "means literally 'void from the beginning' and denotes an act or action that never had any legal existence at all because of some infirmity in the action or process." *Id.*

### Withheld Judgments

 Both the Indiana Code and Indiana case law provide that trial courts may not withhold judgment.

We are aware that some trial courts withhold judgment as a case management device for various purposes. While it may be useful, this informal practice finds no sanction in the law. Trial courts may not withhold judgment nor indefinitely postpone sentencing. *Robison v. State*, 172 Ind.App. 205, 359 N.E.2d 924 (Ind.Ct.App.1977); *see* IND. CODE § 35–38–1–1(a) (after a verdict, the court shall enter a judgment of conviction). As a matter of law, a "withheld judgment" or "judgment withheld" (also commonly known as a "JW") is a nullity. *Chissell v. State*, 705 N.E.2d 501, 506 (Ind. Ct.App.1999) *trans. denied.* See also *King v. State*, 720 N.E.2d 1232, 1236 (Ind.Ct. App.1999) (holding that the trial court "could not both enter judgment as a Class A misdemeanor [for Criminal Recklessness] and, in effect, withhold judgment as a Class D felony on the same offense" pending the non-revocation of the defendant's probation). A *nullity*, as defined in *Black's Law Dictionary* 1067 (6th ed.1990), is "an act or proceeding in a cause which

the opposite party may treat as though it had not taken place, or which has absolutely no legal force or effect."

### *Analysis*

▮ Here, the parties entered into a plea agreement that was conditioned on the trial court's ability to withhold judgments. However, the trial court has no authority to withhold judgments. To the contrary, Indiana Code section 35–38–1–1(a) provides the following:

> Sec. 1. (a) After a verdict, finding, or *plea of guilty,* if a new trial is not granted, the court *shall* enter a judgment of conviction.

(Emphasis added.) Accordingly, to condition the parties' plea agreement upon the trial court's ability to withhold judgment, a legal nullity, rendered such plea agreement *void ab initio.* Therefore, this Court need not consider the terms of the parties' void plea agreement nor Lighty's compliance or non-compliance with the terms stemming from such agreement. We reverse for proceedings consistent with this opinion.

Reversed.

MATTINGLY, J., and BROOK, J., concur.