**Sherman C. DEBRO, Appellant–
Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 53A04–0208–CR–388.

Court of Appeals of Indiana.

March 17, 2003.

Michael J. Spencer, Deputy Public Defender, Bloomington, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Richard C. Webster, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

MATHIAS, Judge.

Sherman Debro ("Debro") pled guilty to criminal recklessness,[1] as a Class B misdemeanor, in Monroe Circuit Court on September 17, 2001, and entered into a deferred sentencing agreement with the State. The agreement provided that sentencing would be deferred as long as Debro complied with certain conditions specified in the agreement. Approximately two months later, the State filed a Motion to Set for Sentencing alleging that Debro had committed the criminal offense of battery on November 1, 2001. After a hearing was held on the motion, the trial court found that Debro had failed to comply with the terms of the agreement, and sentenced Debro to 180 days in jail, but suspended 150 days of that sentence. Debro appeals arguing that his plea agreement, which was conditioned on the trial court's ability to withhold judgment, was void ab initio.

Finding that Debro's plea agreement was void ab initio, we reverse and remand for proceedings consistent with this opinion.

### Facts and Procedural History

On March 15, 2001, Debro was charged with battery, as a Class D felony, and domestic battery, as a Class A misdemeanor, in Monroe Circuit Court. An amended information was filed on September 13, 2001, in which Debro was charged with criminal recklessness, as a Class B misdemeanor. On September 17, 2001, Debro entered into a deferred sentencing agreement[2] with the State, in which he agreed to plead guilty to the criminal recklessness charge in exchange for dismissal of the two battery charges. The agreement also provided that sentencing would be deferred so long as Debro complied with certain conditions specified in the agreement, which included: 1) that Debro would not commit any criminal offense within one year of the date of the agreement; 2) that Debro would attend and successfully complete the Batterers Treatment Program within forty weeks of the start of the program; and, 3) that Debro would not use any controlled substances or use alcohol while enrolled in the Batterers Treatment Program. Appellant's App. p. 14.

On November 9, 2001, the State filed a Motion to Set for Sentencing alleging that Debro had violated the terms of the agreement by committing the offense of battery on November 1, 2001. A hearing on the motion was scheduled for January 31, 2002; however, on that date the alleged victim failed to appear, and therefore the hearing was continued. The hearing was then continued on two more occasions because, although she had received a subpoena, the victim failed to appear.

A hearing on the motion was finally held on May 1 and May 2, 2002. Once again, the victim failed to appear, and the State proceeded in her absence. At the hearing, the police officer that investigated the alleged battery testified, and the victim's sworn written statements and letter sent to the court were admitted into evidence. After reviewing the evidence submitted by

---

1. Ind.Code § 35–42–2–2 (1998).

2. We note that the agreement was actually titled "Judgment Withheld Agreement," but that title was crossed out and replaced with "Deferred Sentencing Agreement." Also, in the text of the agreement, where the term "judgment" appeared it was crossed out and replaced with "sentencing," and where the term "withheld" appeared, it was replaced with "deferred." Appellant's App. p. 14.

the parties, the trial court found that the "motion to impose the judgment has been proved by a preponderance of the evidence." Appellant's App. p. 137. Therefore, the court sentenced Debro to 180 days in jail, with 150 days suspended, and placed him on probation for one year. Debro now appeals.

### Discussion and Decision

■ Debro argues that as a matter of law, a withheld judgment is a nullity, and therefore, the plea agreement was void ab initio, or null and void on its face. As an initial matter, we note that "[a] plea agreement is a contract, 'an explicit agreement between the State and the defendant which is binding upon both parties when accepted by the trial court.'" *Lighty v. State*, 727 N.E.2d 1094, 1096 (Ind.Ct.App. 2000) (citing *Smith v. State*, 717 N.E.2d 239, 241 (Ind.Ct.App.1999) (quoting *State ex rel. Goldsmith v. Marion County Superior Court*, 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981))). It is well settled in Indiana that "contracts made in violation of a statute are void and unenforceable." *Id.* (citation omitted). The phrase void ab initio literally means "void from the beginning" and "denotes an act or action that never had any legal existence at all because of some infirmity in the action or process." *Id.* (citation omitted).

■ In *Lighty*, the defendant pled guilty to battery and entered into a plea agreement which provided that judgment would be withheld for one year if the defendant was not "arrested based upon probable cause within that period," and if he successfully completed the Batterers Program. *Id.* at 1095. The defendant enrolled in but was dismissed from the Batterers Program after he was involved in a verbal altercation with a counselor;

therefore, the State filed a Motion to Reinstate Judgment. *Id.* at 1095–96. The trial court found that the defendant had violated the terms of the plea agreement and sentenced him to 180 days in jail to be followed by the balance of his original one year sentence on probation. *Id.* at 1096.

■ On appeal, our court sua sponte raised the issue of whether the plea agreement was void ab initio. Relying on *King v. State*, 720 N.E.2d 1232 (Ind.Ct.App. 1999), *Chissell v. State*, 705 N.E.2d 501 (Ind.Ct.App.1999), *trans. denied*, and *Robison v. State*, 172 Ind.App. 205, 359 N.E.2d 924 (1977), we noted that pursuant to statute and previous Indiana case law, our court has concluded that trial courts may not withhold judgment.

> We are aware that some trial courts withhold judgment as a case management device for various purposes. While it may be useful, this informal practice finds no sanction in the law. Trial courts may not withhold judgment nor indefinitely postpone sentencing. *Robison v. State*, 172 Ind.App. 205, 359 N.E.2d 924 (Ind.Ct.App.1977); see IND. CODE § 35–38–1–1(a) (after a verdict, the court shall enter a judgment of conviction). As a matter of law, a "withheld judgment" or "judgment withheld" (also commonly known as a "JW") is a nullity.[3]

*Id.* (quoting *Chissell*, 705 N.E.2d at 506). Therefore, we held that conditioning a plea agreement on the trial court's ability to withhold judgment, a legal nullity, rendered the agreement void ab initio. *Id.* at 1097. We also concluded that our court was not required to consider the terms of the void plea agreement, nor the defen-

---

**3.** A nullity is "an act or proceeding in a cause which the opposite party may treat as though it had not taken place, or which has absolute-

ly no legal force or effect." *Id.* at 1096–97 (quoting Black's Law Dictionary 1067 (6th ed.1990)).

dant's compliance or noncompliance with those terms. *Id.*

Debro argues that the facts and circumstances in this case are analogous to those in *Lighty,* and therefore, the plea agreement he entered into was null and void on its face. The State argues that a trial court that withholds judgment for a certain period of time does not violate Indiana law. Specifically, it contends that our holding in *Lighty* is erroneous because *Robison, Chissell,* and *King,* "the cases that served as the basis of the *Lighty* holding do not support that holding. Those cases were factually and legally distinct from the situation in *Lighty;* " therefore, Debro's reliance on *Lighty* is misplaced. Br. of Appellee at 4.

In *Robison,* the defendant was charged with theft, and at the conclusion of trial, the trial court made an entry stating that the defendant was guilty as charged and judgment by the court was withheld. 172 Ind.App. at 206, 359 N.E.2d at 924. Our court acknowledged that while some trial courts utilize that form of entry in certain cases, it was not authorized by statute or rule and a defendant could elect to compel a court to discharge its duty by promptly pronouncing judgment and sentence.[4] *Id.*

In *Chissell,* after a jury trial, the defendant was found guilty of operating while intoxicated, operating a vehicle with a blood alcohol content of .10 percent or greater, and public intoxication; however, the trial court only entered judgment on the operating while intoxicated conviction, and withheld judgment on the others. 705 N.E.2d at 503. On appeal, our court denied the State's request that we remand the case to the trial court to enter judgment on the operating a motor vehicle with a BAC of .10 percent or greater and public

intoxication convictions. *Id.* at 505. Once again, our court noted that while some courts withhold judgments as a case management device, that informal practice finds no sanction in the law and a withheld judgment is a nullity. *Id.* at 506.

Finally, in *King,* the defendant was charged with criminal recklessness, as a Class D felony. 720 N.E.2d at 1233. The defendant pled guilty and the trial court entered a judgment of conviction for criminal recklessness, as a Class A misdemeanor, but told the defendant that if he violated the terms of his probation, the court would vacate its judgment as a Class A misdemeanor and enter judgment as a Class D felony, sentencing the defendant accordingly. *Id.* at 1234. A petition to revoke the defendant's probation was filed, and the trial court found that he had committed a crime while on probation; therefore, the court re-entered judgment on the charge of criminal recklessness, as a Class D felony and ordered the defendant to serve the remainder of his original sentence. *Id.* On appeal, our court determined that the trial court's action taken in the case was the functional equivalent of a withheld judgment, a practice which is not sanctioned by law, and the court could not "both enter judgment as a Class A misdemeanor, and in effect, withhold judgment as a Class D felony on the same offense." *Id.* at 1236.

Although the facts and issues raised in *Robison, Chissell,* and *King* are distinct from those in *Lighty,* we disagree with the State's argument that our court "erroneously relied upon" those decisions in reaching our conclusion in *Lighty.* In all three of those cases, our court clearly held that the practice of withholding judgment is not sanctioned by law; therefore, a withheld

---

**4.** We also noted that a "judgment withheld" entry is not a final judgment or an appealable interlocutory order; therefore, Robison's ap-

peal was dismissed. *Id.* at 206–07, 359 N.E.2d at 924.

judgment is a nullity, which has no legal force or effect. After analyzing the issue in *Lighty* under that established line of authority, we held that conditioning a plea agreement upon the trial court's ability to withhold judgment rendered that agreement void ab initio. Accordingly, we do not conclude that our decision in *Lighty* was erroneous.[5]

The State also contends that "plea agreements in contravention of statute are not necessarily void" and argues that "our courts have recognized that a contract will not automatically be held void merely because it violates a statute." Br. of Appellee at 8 (citing *Norlund v. Faust*, 675 N.E.2d 1142, 1150 (Ind.Ct.App.1997), *trans. denied*). However, we note that our courts have consistently recognized the general principle that contracts made in violation of a statute are void and unenforceable. *See Lighty*, 727 N.E.2d at 1096. On several occasions, our court has determined that a plea agreement was void and unenforceable on its face because the agreement imposed an illegal sentence on the defendant despite the State's argument that our court should affirm the sentence because it was the product of agreement, which the defendant knowingly and voluntarily entered into. *See e.g. Smith*, 717 N.E.2d at 241; *Thompson v. State*, 634 N.E.2d 775, 777 (Ind.Ct.App.1994); *Sinn*

*v. State*, 609 N.E.2d 434, 435–36 (Ind.Ct. App.1993), *trans. denied*. Furthermore, our court determined that the plea agreement in *Lighty* was void ab initio, or "void from the beginning," which "denotes an act or action that never had any legal existence at all because of some infirmity in the action or process." *Lighty*, 727 N.E.2d at 1096.

The facts and circumstances in this case are analogous to those in *Lighty*. Both Debro and the defendant in *Lighty* entered into plea agreements, which provided that sentencing would be deferred (or judgment would be withheld) so long as they complied with certain conditions set forth in the agreement. As in *Lighty*, the plea agreement in this case is therefore void ab initio because it was conditioned on the trial court's ability to withhold judgment,[6] and we reverse and remand this case for proceedings consistent with this opinion.

Reversed and remanded for proceedings consistent with this opinion.[7]

RILEY, J., concurs.

BAKER, J. dissents with opinion.

BAKER, Judge, dissenting.

I must part ways with the majority's determination that this cause should be

---

**5.** The State also argues that in *Lighty* our court "further erred when it stated that the entry of judgment statute [Indiana Code section 35–38–1–1(a)] prohibits withheld judgments." Br. of Appellee at 7. That statute provides that "[a]fter a verdict, finding, or plea of guilty, if a new trial is not granted, the court shall enter a judgment of conviction." Ind.Code § 35–38–1–1(a) (1998). In addition to *Lighty*, in *King*, Chissell, and *Robison*, our court also relied on that statute to conclude that a trial court may not withhold judgment. *See King*, 720 N.E.2d at 1236; *Chissell*, 705 N.E.2d at 506; *Robison*, 172 Ind.App. at 206, 359 N.E.2d at 924. The State does not argue that those cases were erroneously decided, and in fact, relies on those cases in arguments

in its brief; therefore, we are not persuaded by this argument.

**6.** We further note that our majority opinion in this case is consistent with the decision reached by our court in *Miller v. State*, 783 N.E.2d 772, 779 (Ind.Ct.App.2003), in which we held "[h]aving addressed and rejected the State's challenges to the reasoning in *Lighty*, we hold that Miller's plea agreement, which was conditioned on the court's ability to withhold judgment, was *void ab initio*."

**7.** Because this issue is dispositive, we need not discuss the other issues raised by Debro in this appeal.

reversed upon the theory that Debro's plea agreement was void ab initio. I have no quarrel with the proposition that a plea agreement amounts to an explicit contract between the State and the defendant that is binding when accepted by the trial court. Op. at 1031 (quoting *Lighty v. State,* 727 N.E.2d 1094, 1096 (Ind.Ct.App. 2000)). I also embrace the notion that contracts made in violation of a statute are void and unenforceable. *State ex rel. Goldsmith v. Marion County Superior Court,* 275 Ind. 545, 552, 419 N.E.2d 109, 114 (1981).

However, it is my view that the majority's reliance upon *King, Chissell* and *Robison* for the result reached in *Lighty* as well as in this case that Debro's plea agreement must be set aside, is misplaced. To me, those cases may be fairly distinguished from the circumstances presented here as well as those in *Lighty.* Both Debro and the defendant in *Lighty* entered pleas of guilty pursuant to agreements that sentencing would be deferred or that judgment would be withheld so long as the defendants would comply with various conditions in the agreements.

The first case upon which the majority relies for its determination that Debro's plea is void ab initio is *Robison,* where the trial made the following entry at the conclusion of a bench trial: "Finding of guilty as charged and judgment is now by the court withheld." *Robison,* 172 Ind.App. at 206, 359 N.E.2d at 924. On appeal, this court concluded that a "judgment withheld" entry is neither a final judgment nor an appealable interlocutory order. *Id.* Thus, an appeal by either party was thwarted in *Robison* when the trial judge refused to enter a judgment. Without a judgment, there can be no appeal. Absent the consent of the parties regarding a judgment withheld, I can certainly agree

that such action in *Robison* was improper. Thus, because the trial court's action in *Robison* violated the defendant's constitutional right to take an appeal, entering a judgment withheld was error.

Similarly, the trial judge in *King* essentially changed a judgment that had already been entered, 720 N.E.2d at 1234, and the trial court in *Chissell* never entered a judgment on the jury verdicts. 705 N.E.2d at 503. Under such circumstances, it is my view that those cases do not compel the same result here, or that reached in *Lighty.* Specifically, both Debro and the *Lighty* defendant agreed to postpone the entry of the judgment in accordance with the terms of the plea agreement. Therefore, I must disagree with the proposition that a trial court is absolutely prohibited from withholding judgment in accordance with the parties' negotiated plea agreement.

It has been held that it is the defendant's agreement to a delay that renders a delay permissible in some instances. *See Harris v. State,* 659 N.E.2d 522, 527 (Ind. 1995) (recognizing that when a defendant refuses to waive his right to be sentenced within thirty days, the trial court may properly deny his motion for continuance of his sentencing hearing). That being said, I see no compelling reason for permitting a defendant to waive the right to be sentenced within a certain period of time while not permitting the parties to agree to a delay of judgment for a specific period of time. It is apparent to me that Debro's decision to have the judgment withheld inured to his benefit. He was not prejudiced by such action, and he has simply invited the error at this juncture. Therefore, I would affirm the trial court in all respects.