**Phillip LEE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

**No. 02A03–0303–PC–104.**

Court of Appeals of Indiana.

July 31, 2003.

Susan K. Carpenter, Public Defender of Indiana, Chris Hitz–Bradley, Deputy Public Defender, Indianapolis, IN, Attorneys for Appellant.

Steve Carter, Attorney General of Indiana, Ellen H. Meilaender, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BARNES, Judge.

### Case Summary

Phillip Lee appeals the denial of his petition for post-conviction relief. We reverse and remand.

### Issue

Lee raises several issues. We consolidate and restate them as whether the post-conviction court properly denied his petition, which alleged that he was illegally sentenced, requiring vacation of his conviction.

### Facts

On May 11, 1988, the State charged Lee with Class C felony robbery. The information was later amended to include an habitual offender enhancement. On April 20, 1989, Lee pled guilty to the robbery charge, and the State dismissed the habitual offender enhancement. The trial court sentenced Lee to eight years in the Department of Correction and ordered the sentence to run consecutively to an unrelated sentence for a previous theft conviction.

In 1996, after serving both sentences, Lee was charged with and convicted of Class A felony dealing in cocaine. The State also charged Lee with being an habitual offender. The State used Lee's robbery conviction and the earlier theft conviction as the underlying felonies to support the habitual offender enhancement. The trial court sentenced Lee to fifty years on the dealing in cocaine conviction plus thirty years for being an habitual offender.

On November 12, 1999, Lee filed a petition for post-conviction relief and an amended petition on August 1, 2002. Lee alleged that the 1989 robbery conviction should be vacated because he was illegally sentenced, which rendered his guilty plea, the basis for his conviction, void. A hearing on Lee's petition was held on September 9, 2002. On December 27, 2002, the post-conviction court denied Lee's petition. Lee filed a motion to correct error, and on February 14, 2003, the post-conviction court denied Lee's motion and entered the following findings and conclusions:

### FINDINGS OF FACT

\* \* \* \* \*

13. The Petitioner's plea of guilty, pursuant to the plea agreement was entered knowingly and voluntarily.

14. Petitioner was satisfied with the performance of his Public Defender counsel. (Petitioner's Exhibit B).

15. No objection was made by Petitioner to the "illegal sentence" called for in the plea agreement until November, 12, 1999, a period in excess of ten years, following the plea of guilty and sentencing pursuant to Petitioner's agreement. The sole claim of the Amended Petition for Post Conviction Relief, filed on August 1, 2002, is that the sentence imposed, pursuant to plea agreement entered into by Petitioner is illegal.

16. Petition claims that the "illegality" of the 1989 sentence requires the Court to vacate not only the sentence imposed as a result of the plea agreement, but as well vacate Petitioner's plea of guilty and reinstate Petitioner's plea of not guilty to the charge of Robbery, a Class C felony.

17. Petitioner wishes to retain the benefit of the favorable plea agreement into which he entered in 1989 while relieving himself of the burden of that agreement.

## CONCLUSIONS OF LAW

1. Pursuant to Indiana Law existing at the time of sentencing, the Court could not have, on its own, imposed consecutive sentences in the Theft and Robbery cases. The Petitioner received substantial benefits from the plea agreement entered into by the parties and accepted by the Court at the sentencing on the Robbery case, April 20, 1989.

2. The Indiana Court of Appeals entered decisions in *Sinn v. State,* 509[sic] [609] N.E.2d 434 (Ind.Ct. App.1993) and *Thompson v. State,* 634 N.E.2d 775 (Ind.Ct.App.1994) which hold that a plea agreement to n[sic] illegal sentence is void.

3. Since the decisions of *Sinn* and *Thompson,* the Supreme Court of Indiana has entered decisions in *Games v. State,* 743 N.E.2d 1132 (Ind.2001) and *Mapp v. State,* 770 N.E.2d 332 (Ind.2002).

4. In *Games* and *Mapp* the Indiana Supreme Court found that a Defendant's acceptance of a favorable plea agreement could constitute waiver of various procedural and substantive errors.

5. The Court finds, sua sponte, that Defendant knowingly and intentionally waived his statutory rights regarding consecutive sentences when he accepted the substantial benefit of the plea agreement and entered his plea of guilty to Robbery, a Class C felony.

6. The Court further finds that, absent the finding of waiver, *Sinn* and *Thompson* would require that Defendant's plea of not guilty be reinstated.

7. The State's contention that the sentence is "severable" under contract law is not persuasive.

8. The petitioner having accepted the substantial benefit of the plea agreement cannot now relieve himself of the burden of that agreement.

Appellant's App. pp. 110–12 (emphasis omitted). Lee now appeals.

### Analysis

▆▆▆ A post-conviction relief petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. *Saylor v. State,* 765 N.E.2d 535, 547 (Ind.2002). In appealing the denial of a petition for post-conviction relief, the petitioner stands in the position of one appealing a negative judgment. *Id.* "On review, we will not reverse the judgment unless the evidence as a whole unerringly and unmistakably leads to a conclusion opposite that reached by the post-conviction court." *Id.* A post-conviction court's findings and judgment will be reversed only upon a showing of clear error, which is error that leaves us with a definite and firm conviction that a mistake has been made. *Id.*

▆▆▆ Lee argues that his robbery conviction must be vacated because that sentence was ordered to run consecutively to

the sentence on the theft conviction. *See Kendrick v. State,* 529 N.E.2d 1311, 1312 (Ind.1988) (recognizing that at the time Indiana Code Section 35–50–1–2, the statute governing the imposition of consecutive sentences, prohibited trial courts from imposing consecutive sentences unless a court was contemporaneously imposing two or more sentences). Citing *Kendrick,* the State concedes that "the trial court did not have discretion to impose the robbery sentence consecutively to the theft sentence because the two sentences were not imposed contemporaneously. In addition, consecutive sentences were not mandatory because [Lee] committed both the robbery and the theft offense before he was arrested for either offense." Appellee's Br. p. 4 (citation omitted).

The State contends, however, that reversal is not required because Lee has served his sentence on the robbery conviction, rendering his claim moot. *See Irwin v. State,* 744 N.E.2d 565, 568 ("Hence, once the appellant's sentence has been served, the issue of the validity of the sentence is rendered moot." (quotation omitted)). Although that assertion is correct, Lee challenges the validity of his conviction as well as the legality of his sentence. "[A] Criminal conviction remains a live controversy, even after the sentence is served, because it often leads to collateral consequences." *In re Stariha,* 509 N.E.2d 1117, 1123 (Ind. Ct.App.1987). Lee's criminal conviction has collateral consequences, in this case the conviction is the basis of an habitual offender enhancement. Issues concerning the validity of the conviction are not rendered moot merely because he has served his sentence. *See id.* Thus, contrary to the State's assertion, Lee's claim is not moot.

■ The post-conviction court concluded that by pleading guilty to the robbery charge, Lee waived his right to challenge the validity of that conviction. In reaching this conclusion, the post-conviction court relied on *Mapp v. State,* 770 N.E.2d 332 (Ind.2002), and *Games v. State,* 743 N.E.2d 1132 (Ind.2001). In these cases, both defendants filed motions to correct an erroneous sentence challenging their convictions and sentences on double jeopardy grounds. In both cases our supreme court recognized that defendants who plead guilty give up a panoply of rights including the right to a jury trial, the right against self-incrimination, the right of appeal, and the right to collaterally attack one's plea based on double jeopardy grounds. *Mapp,* 770 N.E.2d at 335; *Games,* 743 N.E.2d at 1135. Our supreme court concluded that in pleading guilty both defendants waived their rights to challenge their convictions and sentences on double jeopardy grounds. *Mapp,* 770 N.E.2d at 335; *Games,* 743 N.E.2d at 1135.

Unlike *Mapp* and *Games,* however, Lee contends that he was illegally sentenced, which renders his conviction void because the conviction was based on his guilty plea. Lee does not argue that his double jeopardy rights were violated. Accordingly, we conclude that the post-conviction court's reliance on *Mapp* and *Game* is misplaced.

The State contends that the decisions in *Mapp* and *Games* reflect a narrowing of the claims that may be brought by a defendant who has pled guilty. We need not determine whether our supreme court's decisions in *Mapp* and *Games* limit a defendant's ability to challenge a sentence after pleading guilty, because Lee is not only challenging his sentence, he also challenges the validity of the underlying conviction as a result of the illegal sentence. There is no indication that the holdings in *Mapp* and *Games* limit a defendant's ability to challenge the validity of his or her conviction in a post-conviction relief proceeding. *See, e.g., Beaudry v. State,* 763

N.E.2d 487, 490 (Ind.Ct.App.2002) ("[I]t is well settled that one of the consequences of pleading guilty is that the defendant loses the ability to challenge his conviction on direct appeal; post-conviction relief remains as the proper vehicle for challenging the guilty plea."); *Beanblossom v. State*, 637 N.E.2d 1345, 1349 (Ind.Ct.App.1994) ("A judgment which is void can be attacked directly or collaterally at any time."), *trans. denied.*

Lee's claim that his sentence is illegal, rendering his conviction void, is consistent with a line of cases decided by this court. In *Sinn v. State*, 609 N.E.2d 434, 435 (Ind.Ct.App.1993), Sinn was convicted of robbery pursuant to a plea agreement, which called for the sentence in the robbery case to be served consecutively to a sentence previously imposed by another court. Sinn filed a motion to correct error and erroneous sentence, which were denied by the trial court. *Id.* On appeal, the State conceded that the imposition of consecutive sentences was improper because it was not statutorily permissible. *Id.* We rejected the State's argument "that the sentence was imposed pursuant to the terms of a plea agreement and Sinn is bound to his bargain." *Id.* We concluded:

> As logical and attractive as the State's argument is, it must be rejected. Sinn would prevail under contract law standards: a contract made in violation of statute is void and unenforceable. Moreover, we cannot sanction an illegal sentence simply because it was the product of an agreement. For example, although ludicrous, we would not enforce a sentence of death for jay walking simply because the sentence was the product of a plea agreement. Courts are duty bound to correct illegal sentences.

*Id.* at 436. We concluded that the illegal contract was void, vacated the conviction and sentence entered pursuant to the ille-gal plea, and noted that Sinn may be reprosecuted on the robbery charge. *Id.; see also Thompson v. State*, 634 N.E.2d 775, 777–78 (Ind.Ct.App.1994) (relying on *Sinn* and vacating conviction and sentence entered pursuant to an illegal plea agreement requiring that two unrelated sentences be served consecutively); *Badger v. State*, 754 N.E.2d 930, 936 (Ind.Ct.App. 2001) (relying on similar analysis to conclude that plea agreement and sentence relating to a murder conviction must be vacated).

The State responds that Lee's plea agreement can be salvaged by either severing the sentencing provision from the rest of the plea agreement or applying the "blue pencil" doctrine, by which illegal terms may be struck from a contract leaving the remaining unobjectionable terms in place. There is no precedent for applying these theories to Lee's case or extending them into the criminal arena of plea agreements. We decline to set such precedent today.

Similarly, in *Debro v. State*, 784 N.E.2d 1029, 1033 (Ind.Ct.App.2003), the State argued, " 'plea agreements in contravention of statute are not necessarily void[.]' " We noted that our courts have consistently recognized the general principle that contracts made in violation of a statute are void and unenforceable. *Id.* "On several occasions, our court has determined that a plea agreement was void and unenforceable on its face because the agreement imposed an illegal sentence on the defendant despite the State's argument that our court should affirm the sentence because it was the product of agreement, which the defendant knowingly and voluntarily entered into." We recognized that such illegal agreements are void "ab initio, or void from the beginning, which denotes an act or action that never had any legal existence at all because of some infirmity in

the action or process." *Id.* (internal quotations and citation omitted). Because Lee's plea agreement was void ab initio, it never had any legal existence and cannot now be salvaged by deleting the illegal terms.

## Conclusion

Because Lee's plea agreement was illegal, we reverse the denial of his petition for post-conviction relief and direct the post-conviction court to vacate his sentence and conviction. We reverse and remand.

Reversed and remanded.

RILEY and SHARPNACK, JJ., concur.